896 F.2d 545
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Raymond Bobby BOONE, Petitioner-Appellant,
v.
STATE OF NORTH CAROLINA, Respondent-Appellee.
 No. 88-6518.
 United States Court of Appeals, Fourth Circuit.
 Submitted: July 31, 1989.
Decided: Jan. 26, 1990.
 
 Raymond Bobby Boone, appellant pro se.
 Robert Eugene Cansler, Office of the Attorney General, for appellee.
 Before CHAPMAN and WILKINSON, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Raymond Bobby Boone appeals the district court's dismissal of his 28 U.S.C. Sec. 2254 petition for failure to exhaust state remedies. He also appeals the district court's denial of his motions for relief from judgment under Fed.R.Civ.P. 60(b). We grant leave to proceed in forma pauperis, deny a certificate of probable cause, and dismiss the appeal of the denial of habeas corpus relief.
 
 
 2
 As Boone concedes, his appeal was untimely. The time periods established by Fed.R.App.P. 4 are "mandatory and jurisdictional." Browder v. Director, Dep't of Corrections, 434 U.S. 257, 264 (1978) (quoting United States v. Robinson, 361 U.S. 220, 229 (1960)). Because we find that the district court did not abuse its discretion in denying Boone's motion for an extension of time to appeal, we lack jurisdiction to consider his appeal of the dismissal of his habeas corpus petition.
 
 
 3
 In addition, we find that the district court did not abuse its discretion in denying Boone's Rule 60(b) motion. Boone did not provide any proper grounds for relief under Rule 60(b), as he simply sought to reargue the merits of the exhaustion issue. See United States v. Williams, 674 F.2d 311, 312-13 (4th Cir.1982).
 
 
 4
 In any event, the exhaustion issue was correctly decided by the district court. In his direct appeal, Boone presented his first claim (denial of "second appeal") for the first time in a second notice of appeal to the North Carolina Supreme Court. His second claim (breach of plea bargain) was raised for the first time in response to the state's motion to dismiss his appeal in the North Carolina Court of Appeals. These claims were not "fairly presented" to the state's highest court under the Supreme Court's decision in Castille v. Peoples, 57 U.S.L.W. 4249, 4250 (U.S. Feb. 22, 1989) (No. 87-1602). His third claim (grant of prosecution's motion to quash Boone's subpoena of driver's license records) was properly raised in the trial court and in the North Carolina Court of Appeals, but was not raised in the North Carolina Supreme Court.
 
 
 5
 Accordingly, we grant leave to proceed in forma pauperis, deny a certificate of probable cause, and dismiss Boone's appeal. We deny as unnecessary Boone's motion to bring up the entire record on appeal because the entire record was forwarded to this Court. We dispense with oral argument because the facts and legal arguments are adequately presented in the materials before the Court and oral argument would not significantly aid the decisional process.
 
 
 6
 DISMISSED.