920 F.2d 926
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Shaka Amiri AL-AZIZ, Plaintiff-Appellant,
v.
Captain GEIGER, Lieutenant Hodge, Lieutenant Audey,
Lieutenant Mitchell, Ms. Jorden, Ms. Murn, Ms.
Hunter, Mr. Worthman, Mr. Reynolds, Mr.
J. Morris, Mr. Kendal, Mr.
Kimbal, Defendants-Appellees.
 No. 90-6544.
 United States Court of Appeals, Fourth Circuit.
 Submitted Dec. 3, 1990.
Decided Dec. 18, 1990.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. David G. Lowe, United States Magistrate. (CA-88-821-R)
 Shaka Amiri Al-Aziz, appellant pro se.
 Michael Paul Falzone, Paul A. Simpson, Scott Allan Moss, Hirschler, Fleischer, Weinberg, Cox & Allen, Richmond, Va., for appellees.
 E.D.Va., [APPEAL AFTER REMAND FROM, 905 F.2d 1528].
 DISMISSED.
 Before K.K. HALL, MURNAGHAN and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 Shaka Amiri Al-Aziz noted this appeal outside the 30-day appeal period established by Fed.R.App.P. 4(a)(1), and failed to move for an extension of the appeal period within the additional 30-day period provided by Fed.R.App.P. 4(a)(5).* The time periods established by Fed.R.App.P. 4 are "mandatory and jurisdictional." Browder v. Director, Dep't of Corrections, 434 U.S. 257, 264 (1978) (quoting United States v. Robinson, 361 U.S. 220, 229 (1960)). Appellant's failure to note a timely appeal or obtain an extension of the appeal period deprives this Court of jurisdiction to consider this case. We therefore dismiss the appeal. The motion for appointment of counsel is denied. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 2
 DISMISSED.
 
 
 
 *
 The district court's finding, following a hearing, that the notice of appeal was delivered to prison officials between March 3 and March 5, 1990, was not clearly erroneous. See Houston v. Lack, 487 U.S. 266 (1988)