924 F.2d 1051
 19 Fed.R.Serv.3d 601
 Unpublished Disposition
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Donald W. BECKETT, Plaintiff-Appellant,
v.
John ARBOGAST, Randolph County Sheriff and all Jailers;
Thomas H. Gibson, Deputy Sheriff Jailer; Rich George,
Deputy Sheriff Jailer; Jeffry Rider, Deputy Sheriff Jailer;
Dan Jack, Deputy Sheriff Jailer, Defendants-Appellees.
Donald W. BECKETT, Plaintiff-Appellant,
v.
John ARBOGAST, Randolph County Sheriff and all Jailers;
Thomas H. Gibson, Deputy Sheriff Jailer; Rich George,
Deputy Sheriff Jailer; Jeffry Rider, Deputy Sheriff Jailer;
Dan Jack, Deputy Sheriff Jailer, Defendants-Appellees.
 Nos. 89-7093, 89-7171.
 United States Court of Appeals, Fourth Circuit.
 Submitted Oct. 30, 1990.
Decided Feb. 11, 1991.
 
 Appeals from the United States District Court for the Northern District of West Virginia, at Elkins. William M. Kidd, Senior District Judge. (CA-81-360-E-K)
 Donald W. Beckett, appellant pro se.
 James F. Cain, Office of the Prosecuting Attorney, Elkins, W.Va., for appellees.
 N.D.W.Va., 902 F.2d 27.
 DISMISSED IN PART, AFFIRMED IN PART.
 Before MURNAGHAN, SPROUSE and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 Donald W. Beckett noted his appeal from the district court's final order outside the 30-day period established by Fed.R.App.P. 4(a)(1).[1] Beckett moved for an extension of time within the additional 30-day period provided by Fed.R.App.P. 4(a)(5). The district court denied the motion, finding that Beckett had failed to make a showing of excusable neglect. Beckett appealed that decision as well.[2] We affirm the district court in No. 89-7171 and dismiss the appeal in No. 89-7093 for lack of jurisdiction.
 
 
 2
 Beckett brought this suit under 42 U.S.C. Sec. 1983. On February 21, 1989, the district court entered a final order adopting the report of the magistrate judge. The court found for plaintiff on one claim and awarded nominal damages. On all other claims it found for the defendants. On March 31 Beckett filed a notice of appeal. On April 21 Beckett filed a motion for an extension of time within which to file the notice of appeal. On May 12 this motion was denied.
 
 
 3
 Beckett admits that he received a copy of the district court's order when fifteen days still remained within which to file a timely notice of appeal. He argues that he should have received additional time to prepare his notice of appeal to compensate for the delay in his receiving the court's order. This argument is unavailing in two respects. In light of the minimal amount of information required by Rule 3(c), Fed.R.App.P., to be contained in a notice of appeal, Beckett had adequate time to prepare and file his notice. Additionally, any delay in his receipt of the court's order was apparently due to his own failure to keep the court informed of his changing whereabouts. Consequently, the district court's denial of the motion was not an abuse of discretion. We accordingly affirm the district court in No. 89-7171.
 
 
 4
 In light of our holding in No. 89-7171 we dismiss the appeal in No. 89-7093. The time periods established by Fed.R.App.P. 4 are "mandatory and jurisdictional." Browder v. Director, Dep't of Corrections, 434 U.S. 257, 264 (1978) (quoting United States v. Robinson, 361 U.S. 220, 229 (1960)). Appellant's failure to note a timely appeal deprives this Court of jurisdiction to consider this case. We therefore dismiss the appeal in No. 89-7093.
 
 
 5
 We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 No. 89-7093, DISMISSED
 No. 89-7171, AFFIRMED
 
 
 [1]
 This appeal was docketed as No. 89-7093
 
 
 [2]
 This appeal was docketed as No. 89-7171 and was consolidated with No. 89-7093