979 F.2d 853
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Ronnie R. FORGY, Defendant-Appellant.
 No. 92-1388.
 United States Court of Appeals, Seventh Circuit.
 Submitted Nov. 13, 1992.*
Decided Nov. 20, 1992.
 
 Before COFFEY and EASTERBROOK, Circuit Judges, and WOOD, JR., Senior Circuit Judge.
 
 Order
 
 1
 Ronnie Forgy pleaded guilty to possessing cocaine with intent to distribute. 21 U.S.C. § 841(a). The district court imposed sentence on November 15, 1991. Forgy twice sought, and twice received, 30-day extensions of time within which to file a notice of appeal, each time representing that additional time would facilitate discussions with the prosecutor. The second extension ran through January 26, 1992. Forgy filed a notice of appeal on January 24, seventy days after the district court entered its judgment.
 
 
 2
 Although both sides assure us that the appeal is timely, it is not. Rule 4(b) of the Federal Rules of Appellate Procedure gives the defendant 10 days to file a notice of appeal and adds: "Upon a showing of excusable neglect the district court may ... extend the time for filing a notice of appeal for a period not to exceed 30 days from the expiration of the time otherwise prescribed by this subsection." It is hard to characterize a desire to negotiate with the prosecutor as "excusable neglect" and even harder to reconcile the extensions here with the 30-day maximum. Adding 30 days to the normal 10 produces a limit of December 25, 1991, which would roll over to December 26 because of the holiday. Fed.R.App.P. 26(a). Further extensions are forbidden, Fed.R.App.P. 26(b), so the appeal is untimely. An untimely appeal must be dismissed. United States v. Robinson, 361 U.S. 220, 229 (1960). And Forgy may not rely on the forbidden second extension, for it was entered at his request. United States v. Dumont, 936 F.2d 292, 295 (7th Cir.1991). Cf. Osterneck v. Ernst & Whinney, 489 U.S. 169, 179 (1989).
 
 
 3
 The appeal is dismissed for want of jurisdiction.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a), Circuit Rule 34(f). No such statement has been filed, so the appeal is submitted for decision on the briefs and record