UNITED STATES *v.* ROBINSON ET AL.

No. 16.   Argued December 8, 1959.—Decided January 11, 1960.

*Beatrice Rosenberg* argued the cause for the United States. With her on the brief were *Solicitor General Rankin, Assistant Attorney General Wilkey, J. Dwight Evans, Jr.* and *Theodore George Gilinsky.*

*I. William Stempil* argued the cause and filed a brief for respondents.

MR. JUSTICE WHITTAKER delivered the opinion of the Court.

Respondents were indicted for murder in the District Court for the District of Columbia, and upon a trial were found guilty by a jury of the lesser included offense of manslaughter. After their motions for a new trial were considered and denied, the court entered judgment of conviction on May 7, 1958. Twenty-one days thereafter, on May 28, respondents separately filed in the District Court

their notices of appeal. On the same day they each asked, and were granted by the District Court, leave to prosecute their appeals *in forma pauperis.* On June 30, the Government moved the Court of Appeals to dismiss respondents' appeals for want of jurisdiction, because their notices of appeal were not filed within 10 days after entry of the judgment. In opposition to the motion, affidavits of respondent Travit Robinson, and of counsel for both respondents, were filed in the Court of Appeals. They tended to show that the late filing of the notices of appeal was due to a misunderstanding as to whether the notices were to be filed by respondents themselves or by their counsel.[1]

The Court of Appeals, one judge dissenting, held that the notices of appeal, although filed 11 days after expiration of the time prescribed in Rule 37 (a)(2) of the Federal Rules of Criminal Procedure,[2] were sufficient to confer jurisdiction of the appeals if the District Court actually had found, under Rule 45 (b), that the failure to file the notices of appeal within 10 days after entry of the judg-

---

[1] Travit Robinson's affidavit was, in essence, as follows: On "the day of sentencing, I advised my attorney that I was going to appeal the case . . . . I had told him that from [what] other inmates at the District Jail [had told me] I knew I could appeal the judgment but [I] did not file the necessary appeal paper, thinking that my attorney would do it, while I now [understand] he thought I would do it . . . . We misunderstood each other and I now find that I gave him the wrong impression as to what I wanted done and that he misunderstood what I was going to do or wanted to do."

The affidavit of respondents' counsel substantially conformed to Travit Robinson's affidavit and further recited: "I was under the impression that he was going to [file the notice of appeal] without me, [and also] I neglected to differentiate the rules as to appealing this type of a case [from the Rules applying to the appeal] of a civil case."

[2] All references to Rules are to the Federal Rules of Criminal Procedure unless otherwise stated.

ment "was the result of excusable neglect." Being unable to determine from the record whether the District Court had so found, the Court of Appeals, on October 2, remanded to the District Court "for supplementation of the record" on that score, meanwhile holding in abeyance the Government's motion to dismiss. On October 8, the District Court *ordered* that the record reflect that the appeals were allowed and failure to act was due to excusable neglect under Rule 45 (b) of the Federal Rules of Criminal Procedure." On November 5, the Court of Appeals *en banc,* two judges dissenting, denied the Government's petition for rehearing, 104 U. S. App. D. C. 200, 260 F. 2d 718. Because of the importance of the question to the proper and uniform administration of the Federal Rules of Criminal Procedure, we granted certiorari. 358 U. S. 940.

The single question presented is whether the filing of a notice of appeal in a criminal case after expiration of the time prescribed in Rule 37 (a)(2) confers jurisdiction of the appeal upon the Court of Appeals if the District Court, proceeding under Rule 45 (b), has found that the late filing of the notice of appeal was the result of excusable neglect.

There being no dispute about the fact that the notices of appeal were not filed within the 10-day period prescribed by Rule 37 (a)(2),[3] the answer to the question

---

[3] Rule 37 (a)(2) of Fed. Rules Crim. Proc. provides:

"Time for Taking Appeal. An appeal by a defendant may be taken within 10 days after entry of the judgment or order appealed from, but if a motion for a new trial or in arrest of judgment has been made within the 10-day period an appeal from a judgment of conviction may be taken within 10 days after entry of the order denying the motion. When a court after trial imposes sentence upon a defendant not represented by counsel, the defendant shall be advised of his right to appeal and if he so requests, the clerk shall prepare and file forthwith a notice of appeal on behalf of the defendant. . . ."

presented depends upon the proper interpretation of Rule 45 (b). It provides:

> "*Enlargement.* When an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion (1) with or without motion or notice, order the period enlarged if application therefor is made before the expiration of the period originally prescribed or as extended by a previous order or (2) upon motion permit the act to be done after the expiration of the specified period if the failure to act was the result of excusable neglect; but the court may not enlarge the period for taking any action under Rules 33, 34 and 35, except as otherwise provided in those rules, or the period for taking an appeal."

In interpreting that Rule, the Court of Appeals took the view that, although "the District Court has no authority to grant a greater period than ten days for taking an [appeal, it] may, however, if satisfied that the failure to note an appeal within ten days is excusable, permit late filing." It thought that there was "ample justification in reason for different treatment of pre-expiration and post-expiration applications"; that if a defendant "can make a timely application for an extension of time, he can readily and with less effort file the notice of appeal itself." But if, "for some cause amounting legally to 'excusable neglect' the party fails to take any action during the prescribed time, the rule seems plainly to allow the District Court discretion to permit him to file a late notice of appeal." It thought that so doing would not be to "enlarge" the period for taking an appeal, but rather would be only to "permit the act to be done" after expiration of the specified period. This conclusion has, at least, enough surface plausibility to require a detailed examination of the language, judicial

interpretations, and history of Rule 45 (b) and the related Federal Rules of Criminal Procedure.

On its face, Rule 45 (b) appears to be quite plain and clear. It specifically says that "the court may not enlarge . . . the period for taking an appeal." We think that to recognize a late notice of appeal is actually to "enlarge" the period for taking an appeal. Giving the words of 45 (b) their plain meaning, it would seem that the conclusion of the Court of Appeals is in direct conflict with that Rule. No authority was cited by the Court of Appeals in support of its conclusion, nor is any supporting authority cited by respondents here. The Government insists, it appears correctly, that there is no case that supports the Court of Appeals' conclusion. Every other decision to which we have been cited, and that we have found, holds that the filing of a notice of appeal within the 10-day period prescribed by Rule 37 (a)(2) is mandatory and jurisdictional.[4]

It is quite significant that Rule 45 (b) not only prohibits the court from enlarging the period for taking an appeal, but, by the same language in the same sentence, also prohibits enlargement of the period for taking any action under Rules 33, 34 and 35, except as provided in

---

[4] See, e. g., Martin v. United States, 263 F. 2d 516 (C. A. 10th Cir.); Bryant v. United States, 261 F. 2d 229 (C. A. 6th Cir.); United States v. Isabella, 251 F. 2d 223 (C. A. 2d Cir.); Banks v. United States, 240 F. 2d 302 (C. A. 9th Cir.); Wagner v. United States, 220 F. 2d 513 (C. A. 4th Cir.); Kirksey v. United States, 94 U. S. App. D. C. 393, 219 F. 2d 499; Brant v. United States, 210 F. 2d 470 (C. A. 5th Cir.); McIntosh v. United States, 204 F. 2d 545 (C. A. 5th Cir.); Marion v. United States, 171 F. 2d 185 (C. A. 9th Cir.); Swihart v. United States, 169 F. 2d 808 (C. A. 10th Cir.); United States v. Froehlich, 166 F. 2d 84 (C. A. 2d Cir.).

It is thus made to appear that the court below has itself recognized and enforced this Rule in Kirksey v. United States, supra, as it did also in Richards v. United States, 89 U. S. App. D. C. 354, n. 2, at 356, 192 F. 2d 602, n. 2, at 604.

those Rules. That language is: ". . . but the court may not enlarge the period for taking any action under Rules 33, 34 and 35, except as otherwise provided in those Rules, or the period for taking an appeal." If, as the Court of Appeals has held, the delayed filing of a notice of appeal—found to have resulted from "excusable neglect"—is sufficient to confer jurisdiction of the appeal, it would consistently follow that a District Court may, upon a like finding, permit delayed filing of a motion for new trial under Rule 33,[5] of a motion in arrest of judgment under Rule 34,[6] and the reduction of sentence under Rule 35,[7] at any time—months or even years—after expiration of the periods specifically prescribed in those Rules.

This is not only contrary to the language of those Rules, but also contrary to the decisions of this Court. In *United States* v. *Smith*, 331 U. S. 469, it was held that the power

---

[5] Rule 33 of Fed. Rules Crim. Proc., in pertinent part, provides:

". . . A motion for a new trial based on the ground of newly discovered evidence may be made only before or within two years after final judgment, but if an appeal is pending the court may grant the motion only on remand of the case. A motion for a new trial based on any other grounds shall be made within 5 days after verdict or finding of guilty or within such further time as the court may fix *during* the 5-day period." (Emphasis added.)

[6] Rule 34 of Fed. Rules Crim. Proc. provides:

"The court shall arrest judgment if the indictment or information does not charge an offense or if the court was without jurisdiction of the offense charged. The motion in arrest of judgment shall be made within 5 days after determination of guilt or within such further time as the court may fix *during* the 5-day period." (Emphasis added.)

[7] Rule 35 of Fed. Rules Crim. Proc. provides:

"The court may correct an illegal sentence at any time. The court may reduce a sentence within 60 days after the sentence is imposed, or within 60 days after receipt by the court of a mandate issued upon affirmance of the judgment or dismissal of the appeal, or within 60 days after receipt of an order of the Supreme Court denying an application for a writ of certiorari."

of the District Court *sua sponte* to grant a new trial under
Rule 33 is limited to the time fixed in that Rule. There,
quite like here, it was argued "that because the literal
language of the Rule places the five-day limit only on the
making of the motion [for a new trial], it does not limit
the power of the court later to grant [a new trial] . . . ."
331 U. S., at 473. This Court rejected the contention that
such power "lingers on indefinitely," and pointed out that
the Rules, in abolishing the limitation based on the Court
Term, did not substitute indefiniteness, but prescribed
precise times within which the power of the courts must
be confined. 331 U. S., at 474. See also *Marion* v.
*United States,* 171 F. 2d 185 (C. A. 9th Cir.); *Drown* v.
*United States,* 198 F. 2d 999 (C. A. 9th Cir.). The same
rule must apply with respect to the time within which a
motion in arrest of judgment may be filed under Rule 34.
Similarly, it has been held that a District Court may not
reduce a sentence under Rule 35 after expiration of the
60-day period prescribed by that Rule regardless of
excuse. *United States* v. *Hunter,* 162 F. 2d 644 (C. A.
7th Cir.). Cf. *Affronti* v. *United States,* 350 U. S. 79.

The right of appeal in criminal cases in federal courts
is of relatively recent origin. *Carroll* v. *United States,*
354 U. S. 394, 400. By the Act of February 24, 1933, 47
Stat. 904 (now 18 U. S. C. § 3772) Congress first gave this
Court authority to promulgate rules regulating the time
and manner for taking appeals in criminal cases. One of
the principal purposes was to eliminate delays in such
appeals. H. R. Rep. No. 2047, 72d Cong., 2d Sess., to
accompany S. 4020. The first Criminal Appeals Rules
promulgated under that Act were the 13 Rules effective
September 1, 1934. 292 U. S. 661–670. Rule III pro-
vided a 5-day time limit for the taking of an appeal from
a judgment of conviction. It was uniformly held that
Rule III was mandatory and jurisdictional, and appeals

not taken within that time appear always to have been dismissed regardless of excuse.[8]

From this review, it would seem that there is nothing in the language of Rule 45 (b), or in the judicial interpretations of that Rule or its predecessor, which supports the conclusion of the Court of Appeals. We turn, then, to the history of Rule 45 (b) to see whether any support for the court's conclusion can be found in that source.

Under the Act of June 29, 1940, 54 Stat. 688, as amended (now 18 U. S. C. § 3771), this Court was authorized to prescribe Rules of Criminal Procedure to and including verdict, which would become effective upon passive acceptance by Congress. Under that Act and the previous authority (the Act of February 24, 1933, 47 Stat. 904—now 18 U. S. C. § 3772), and with the aid of an advisory committee, this Court promulgated the Federal Rules of Criminal Procedure. Rules 32 through 39 were made effective by order of the Court, 327 U. S. 825, and the remaining Rules became effective by acceptance of Congress. What are now Rules 37 (a)(2) and 45 (b) underwent a number of draft changes before adoption. The first preliminary draft of Rule 37 (a)(2) changed from 5 days to 10 days the time limit for the taking of an appeal, but of more significance is the fact that the preliminary draft of that Rule stated, in effect, that when a court imposes sentence upon a defendant, represented by appointed counsel or not represented by any counsel,

---

[8] See, *e. g., Nix* v. *United States,* 131 F. 2d 857 (C. A. 5th Cir.); *United States* v. *Infusino,* 131 F. 2d 617 (C. A. 7th Cir.); *Miller* v. *United States,* 104 F. 2d 343 (C. A. 5th Cir.); *United States* v. *Tousey,* 101 F. 2d 892 (C. A. 7th Cir.); *O'Gwin* v. *United States,* 90 F. 2d 494 (C. A. 9th Cir.); *Burr* v. *United States,* 86 F. 2d 502 (C. A. 7th Cir.); *Fewox* v. *United States,* 77 F. 2d 699 (C. A. 5th Cir.). And compare *United States ex rel. Coy* v. *United States,* 316 U. S. 342, and *United States* v. *Hark,* 320 U. S. 531, 533.

the court shall ask the. defendant whether he wishes to appeal and, if he answers in, the affirmative, "the court shall direct the clerk forthwith to prepare, file, and serve on behalf of the defendant a notice of appeal *or shall extend the time specified by rule for the filing of a notice of appeal.*"[9] (Emphasis added.) In conformity with that draft proposal, the preliminary draft of what is now Rule 45 (b)[10] stated: ". . . but it may not enlarge . . . the period for taking an appeal except as provided in Rule 35 (a)(2)." The limited provision for an extension of the time within which to appeal that was contained in the first preliminary draft of those Rules was eliminated by the second preliminary draft[11] and never reappeared. This seems almost conclusively to show a deliberate intention to eliminate any power of the courts to extend the time for the taking of an appeal.

But there is more. The prototype for Rule 45 (b) was Rule 6 of the Federal Rules of Civil Procedure.[12] When the original Criminal Rules were being prepared, the limiting clause of Rule 6 (b) of the Federal Rules of Civil Procedure stated: ". . . but it may not enlarge the period for taking any action under Rule 59, except as stated in sub-

---

[9] Federal Rules of Criminal Procedure, Preliminary Draft, with Notes and Forms, Prepared by the Advisory Committee on Rules of Criminal Procedure, United States Government Printing Office, 1943, Appeal Rule then No. 35 (a)(2), p. 152.

[10] What became Rule 45 (b) was then treated as Rule 41 (b). *Id.*, at p. 179. The note to this proposed Rule stated that it ". . . is an adaptation for all criminal proceedings of Fed. Rules Civ. Proc., Rule 6 (Time)." *Id.*, at p. 180.

[11] Federal. Rules of Criminal Procedure, Second Preliminary Draft, with Notes and Forms, Prepared by the Advisory Committee on Rules of Criminal Procedure, United States Government Printing Office, February 1944, Appeal Rule then No. 39 (a)(2), p. 135.

[12] The Notes of Advisory Committee on Rules of Criminal Procedure (Rule 45), state, "The rule is in substance the same as Rule 6 of the Federal Rules of Civil Procedure . . . ."

division (c) thereof, or the period for taking an appeal as provided by law." It had consistently been held that Civil Rule 6 (b) was mandatory and jurisdictional and could not be extended regardless of excuse.[13] It must be presumed that the Advisory Committee and the Justices of this Court were aware of the limiting language of Civil Rule 6 (b) and of the judicial construction it had received when they prepared and adopted the Federal Rules of Criminal Procedure. No support for the conclusion of the Court of Appeals can be found in this history of Rule 45 (b).

Rule 45 (b) says in plain words that ". . . the court may not enlarge . . . the period for taking an appeal." The courts have uniformly held that the taking of an appeal within the prescribed time is mandatory and jurisdictional. The history of Rule 45 (b) shows that consideration was given to the matter of vesting a limited discretion in the courts to grant an extension of time for the taking of an appeal, but, upon further consideration, the idea was deliberately abandoned. It follows that the plain words, the judicial interpretations, and the history, of Rule 45 (b) not only fail to support, but actually oppose, the conclusion of the Court of Appeals, and therefore its judgment cannot stand.

That powerful policy arguments may be made both for and against greater flexibility with respect to the time for the taking of an appeal is indeed evident. But that policy question, involving, as it does, many weighty and conflicting considerations, must be resolved through the rule-making process and not by judicial decision. *United*

[13] *United Drug Co.* v. *Helvering,* 108 F. 2d 637 (C. A. 2d Cir.); *Alexander* v. *Special School District of Booneville,* 132 F. 2d 355 (C. A. 8th Cir.); *Tinkoff* v. *West Publishing Co.,* 138 F. 2d 607 (C. A. 7th Cir.); *Lamb* v. *Shasta Oil Co.,* 149 F. 2d 729 (C. A. 5th Cir.); *Federal Deposit Insurance Corporation* v. *Congregation Poiley Tzedeck,* 159 F. 2d 163 (C. A. 2d Cir.).

*States* v. *Isthmian S. S. Co.*, 359 U. S. 314. If, by that process, the courts are ever given power to extend the time for the filing of a notice of appeal upon a finding of excusable neglect, it seems reasonable to think that some definite limitation upon the time within which they might do so would be prescribed; for otherwise, as under the decision of the court below, many appeals might—almost surely would—be indefinitely delayed. Certainly that possibility would unnecessarily [14] produce intolerable uncertainty and confusion. Whatever may be the proper resolution of the policy question involved, it was beyond the power of the Court of Appeals to resolve it.

*Reversed.*

MR. JUSTICE BLACK and MR. JUSTICE DOUGLAS dissent, as they share the view of Judge Bazelon, 104 U. S. App. D. C. 200, 201, 260 F. 2d 718, 719, that an extension of time, granted after the 10-day period for an appeal has passed, is not an "enlargement" of the time in the narrow sense in which Rule 45 (b) uses the word.

---

[14] The allowance of an appeal months or years after expiration of the prescribed time seems unnecessary for the accomplishment of substantial justice, for there are a number of collateral remedies available to redress denial of basic rights. Examples are: The power of a District Court under Rule 35 to correct an illegal sentence at any time, and to reduce a sentence within 60 days after the judgment of conviction becomes final; the power of a District Court to entertain a collateral attack upon a judgment of conviction and to vacate, set aside or correct the sentence under 28 U. S. C. § 2255; and proceedings by way of writ of error *coram nobis.*