883 F.2d 69
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Aaron HOLSEY, Petitioner-Appellant,
v.
Kathleen S. GREEN, Warden, Attorney General of the State of
Maryland, Respondents-Appellees.
 No. 89-7619.
 United States Court of Appeals, Fourth Circuit.
 Submitted June 8, 1989.
Decided Aug. 4, 1989.
 
 Aaron Holsey, appellant pro se.
 Stephanie Judith Lane-Weber, Office of the Attorney General of Maryland, for appellees.
 Before DONALD RUSSELL, WIDENER, and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Aaron Holsey, a state prisoner, submitted his notice of appeal to prison authorities outside the 30-day period established by Fed.R.App.P. 4(a)(1).[1] It was therefore untimely. See Houston v. Lack, 56 U.S.L.W. 4728 (U.S. June 24, 1988) (No. 87-5428). In addition, he failed to move for an extension of the appeal period within the additional 30-day period provided by Fed.R.App.P. 4(a)(5).
 
 
 2
 The time periods established by Fed.R.App.P. 4 are "mandatory and jurisdictional." Browder v. Director, Dep't of Corrections, 434 U.S. 257, 264 (1978) (quoting United States v. Robinson, 361 U.S. 220, 229 (1960)). Appellant's failure to note a timely appeal or to obtain an extension of the appeal period deprives this Court of jurisdiction to consider this case. We therefore deny a certificate of probable cause to appeal and dismiss the appeal. We dispense with oral argument because the dispositive issues recently have been decided authoritatively.
 
 
 3
 DISMISSED.
 
 
 
 [1]
 For the purposes of this appeal, we assume that the date Aaron Holsey placed on "The Petitioner's Appeal Brief" and "Request for Certificate of Probable Cause," which we construe as Holsey's notice of appeal, is the earliest date he would have submitted the notice to prison authorities