898 F.2d 149
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
William H. WYATT, Jr., Plaintiff-Appellant,
v.
Ira WILLIAMS, Deputy; Sgt. Winslow; James Walton, Sgt.,
Defendants-Appellees.
William H. WYATT, Jr., Petitioner-Appellant,
v.
Deputy Sheriff BYRD; Deputy Sheriff Ashby, Lt.; Carolyn
Holloman, Magistrate, Respondents-Appellees.
 No. 89-7230, 89-7231.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Jan. 19, 1990.
Decided: Feb. 27, 1990.
 
 Appeals from the United States District Court for the Eastern District of Virginia, at Norfolk. Robert G. Doumar, District Judge. (C/A Nos. 89-100-N; 89-229-N)
 William H. Wyatt, Jr., appellant pro se.
 Marcella Raineen Fleming-Hicks, Hazel, Thomas, Fiske, Beckhorn & Hanes, PC; John Adrian Gibney, Jr., Shuford, Rubin & Gibney, for appellees.
 E.D.Va.
 DISMISSED.
 Before K.K. HALL, MURNAGHAN and SPROUSE, Circuit Judges.
 PER CURIAM:
 
 
 1
 The judgments in these consolidated cases were entered on October 6, 1989. Wyatt noted his appeals of the judgments on November 22, 1989, outside the 30-day time limit set forth in Fed.R.App.P. 4(a)(1). He subsequently moved for an extension of time in accordance with Fed.R.App.P. 4(a)(5), claiming that he did not receive the judgments until the expiration of the first 30-day period. He attempted to demonstrate the requisite cause for his late filing by stating that the judgments were sent to his mother's address and she did not mail the judgments to him until November 17, 1989. The district court determined that the orders were mailed on October 6 to the address supplied by Wyatt and requested by him to be used as his address after August 15, 1989. The court determined that Wyatt had failed to establish good cause or excusable neglect as required by the rule. The motions for extension of time accordingly were denied.
 
 
 2
 We are convinced that the district court acted well within its discretion in denying the motions. Accordingly, as the notices of appeal were untimely, and as the time limits established by Fed.R.App.P. 4 are "mandatory and jurisdictional," we are without jurisdiction to consider these appeals. See Browder v. Director, Dep't of Corrections, 434 U.S. 257, 264 (1978) (quoting United States v. Robinson, 361 U.S. 220, 229 (1960)). We therefore grant appellees' motions to dismiss the appeals.
 
 
 3
 A certificate of probable cause to appeal in No. 89-7231 is denied. We dispense with oral argument because the dispositive issues recently have been decided authoritatively.
 
 
 4
 MOTION TO DISMISS GRANTED.