932 F.2d 964
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
William J. WEST, Plaintiff-Appellant,
v.
Ellis B. WRIGHT, Jr., Edward W. Murray, Defendants-Appellees.
 No. 90-7394.
 United States Court of Appeals, Fourth Circuit.
 Submitted Feb. 25, 1991.
Decided May 15, 1991.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. T.S. Ellis, III, District Judge. (CA-89-453)
 William J. West, appellant pro se.
 Mary Sue Terry, Attorney General, Richmond, Va., for appellees.
 E.D.Va., 747 F.Supp. 329.
 REMANDED.
 Before PHILLIPS, CHAPMAN and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 William West appeals the district court's order denying relief under 42 U.S.C. Sec. 1983. The district court entered its order of dismissal on September 28, 1990. Pursuant to Fed.R.App.P. 4(a) and 26, West's notice of appeal must have been filed on or before October 29, 1990, in order to be timely. See Beaudry Motor Co. v. Abko Properties, Inc., 780 F.2d 751, 753 (9th Cir.), cert. denied, 479 U.S. 825 (1986). The district court's issuance of a revised memorandum opinion on October 16, 1990, did not affect the running of the appeal period. See Center for Nuclear Responsibility, Inc. v. United States Nuclear Regulatory Comm'n, 781 F.2d 935, 938 n. 2 (D.C.Cir.1986). West's notice of appeal was filed in the district court on November 5, 1990. However, because West is a pro se prisoner, his notice of appeal is considered filed when he delivers it to a prison official for forwarding to the district court. See Houston v. Lack, 487 U.S. 266 (1988).
 
 
 2
 The time periods established by Fed.R.App.P. 4 are "mandatory and jurisdictional." Browder v. Director, Dep't of Corrections, 434 U.S. 257, 264 (1978) (quoting United States v. Robinson, 361 U.S. 220, 229 (1960)). If West failed to deliver his notice of appeal to prison officials on or before October 29, 1990, because of his failure to obtain an extension of the appeal period, this Court has no jurisdiction to consider this case. We cannot conclude from the record when West delivered his notice of appeal to prison officials. Therefore, this action is remanded to the district court. On remand, the court will obtain this information from the parties, making any necessary evidentiary rulings. The case, as supplemented, then will be returned to this Court for further consideration. Factual findings made by the district court on remand will be reviewed under the clearly erroneous standard.
 
 
 3
 We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 4
 REMANDED.