963 F.2d 367
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Arthur F. PIGGOTT, Plaintiff-Appellant,
v.
Lieutenant STANTON, Defendant-Appellee.
Arthur F. PIGGOTT, Plaintiff-Appellant,
v.
Lieutenant STANTON, Defendant-Appellee.
 Nos. 91-6575, 92-6148.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: April 14, 1992
Decided: May 26, 1992
 
 Arthur F. Piggott, Appellant Pro Se.
 Robert De Hardit Hicks, MARTIN, HICKS & INGLES, LTD., Gloucester, Virginia, for Appellee.
 Before WIDENER, HAMILTON, and LUTTIG, Circuit Judges.
 PER CURIAM:
 
 
 1
 This Court remanded No. 91-6575 to the district court to determine the timeliness of Appellant's filing of his notice of appeal under Houston v. Lack, 487 U.S. 266 (1988). Piggott v. Stanton, No. 916575 (4th Cir. Sept. 9, 1991) (unpublished). The district court determined that Piggott was not confined when he mailed his notice of appeal to the district court, which it received beyond the thirty-day period established by Fed. R. App. P. 4(a)(1). Since that finding is not clearly erroneous, the district court's ruling that Houston v. Lack is inapplicable was proper and Piggott's notice of appeal is untimely. Piggott never requested an extension of the appeal period within the additional thirty days provided by Fed. R. App. P. 4(a)(5).
 
 
 2
 The time periods established by Fed. R. App. P. 4 are "mandatory and jurisdictional." Browder v. Director, Dep't of Corrections, 434 U.S. 257, 264 (1978) (quoting United States v. Robinson, 361 U.S. 220, 229 (1960)). Appellant's failure to note a timely appeal or obtain an extension of the appeal period deprives this Court of jurisdiction to consider this case. We therefore dismiss the appeal.
 
 
 3
 In No. 92-6148, Piggott seeks to appeal from a magistrate judge's report and recommendation, an order that is neither a final order nor an appealable interlocutory or collateral order. 28 U.S.C. §§ 1291, 1292 (1988); Fed. R. Civ. P. 54(b); Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541 (1949). We dismiss that appeal for lack of jurisdiction because it is interlocutory.* We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 DISMISSED
 
 
 *
 If we construe Piggott's notice of appeal as an appeal from the district court's most recent final order, it is also untimely. The court's order was entered on December 26, 1991; Piggott filed his notice of appeal on January 29, 1992