8 F.3d 28
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Emilia NAVARRO, Plaintiff-Appellant,
v.
SOCIAL SECURITY ADMINISTRATION, Defendant-Appellee.
 Nos. 92-16835, 92-17002.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 20, 1993.*
Decided Oct. 6, 1993.
 
 Before: FLETCHER, POOLE and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 In these consolidated cases, Emilia Navarro appeals pro se the district court's judgment for the Social Security Administration in her action seeking relief under 42 U.S.C. § 405(h) to obtain copies of allegedly stolen benefits' checks issued to her. Navarro contends that the district court erred by (1) dismissing her action based upon failure to exhaust administrative remedies and (2) denying her petition for production of transcripts regarding all hearings in her case at government expense. The government contends that Navarro untimely filed a notice of appeal from the court's order dismissing her action, and therefore we lack jurisdiction over the appeal. Consequently, the government argues that Navarro's request for transcripts of all hearings in the underlying action should be dismissed for mootness. We agree and dismiss both appeals.
 
 
 3
 "Under Fed.R.App.P. 4(a)(1), in a matter where the United States is a party, a notice of appeal must be filed within sixty days after the date of the order which is being appealed." United States v. Nutri-Cology, Inc., 982 F.2d 394, 396 (9th Cir.1992). The time limit is " 'mandatory and jurisdictional.' " Browder v. Director, Ill. Dept. of Corrections, 434 U.S. 257, 264 (1978) (quoting United States v. Robinson, 361 U.S. 220, 229 (1960)); United States v. Weinberg, 439 F.2d 743, 743 (9th Cir.1971) (per curiam).
 
 
 4
 "A moot action is one where the issues are no longer live or the parties lack a legally cognizable interest in the outcome. Federal courts lack jurisdiction to decide moot cases because their constitutional authority extends only to actual cases or controversies." Sample v. Johnson, 771 F.2d 1335, 1338 (9th Cir.1985) (citation omitted), cert. denied, 475 U.S. 1019 (1986).
 
 
 5
 Here, the district court entered the order dismissing Navarro's action on March 11, 1991. Navarro filed a notice of appeal on October 26, 1992, more than nineteen months later. Thus, Navarro's notice of appeal from the court's dismissal order is untimely and the appeal must be dismissed. See Fed.R.App.P. 4(a)(1); Weinberg, 439 F.2d at 743. Similarly, we dismiss Navarro's appeal regarding the production of transcripts in underlying action for mootness. See Sample, 771 F.2d at 1338.
 
 
 6
 DISMISSED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, we deny Navarro's request for oral argument
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3