**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

―――――――――

**No. 96-7587**

―――――――――

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

GERALD FELTON, a/k/a Big Mass,

Defendant - Appellant.

―――――――――

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. James C. Fox, Chief District Judge. (CR-93-123-F)

―――――――――

Submitted: December 12, 1996       Decided: December 19, 1996

―――――――――

Before MURNAGHAN, NIEMEYER, and LUTTIG, Circuit Judges.

―――――――――

Dismissed by unpublished per curiam opinion.

―――――――――

Gerald Felton, Appellant Pro Se. Christine Blaise Hamilton, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

―――――――――

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Gerald Felton filed an untimely notice of appeal from the district court's denial of his motion for reduction of sentence. We dismiss for lack of jurisdiction. The time periods for filing notices of appeal are governed by Fed. R. App. P. 4. These periods are "mandatory and jurisdictional." Browder v. Director, Dep't of Corrections, 434 U.S. 257, 264 (1978) (quoting United States v. Robinson, 361 U.S. 220, 229 (1960)). Criminal defendants have ten days within which to file in the district court notices of appeal from judgments or final orders. Fed. R. App. P. 4(b).[*] The only exception to the appeal period is when the district court extends the time to appeal under Fed. R. App. P. 4(b) upon a showing of excusable neglect.

The district court entered its order on March 20, 1996; Appellant's notice of appeal was filed on October 11, 1996. Appellant's failure to obtain an extension within the prescribed time frame leaves this court without jurisdiction to consider the merits of Appellant's appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED

---

[*] Even if Appellant's motion for reduction of sentence were construed as a motion under 28 U.S.C. § 2255 (1994), amended by Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214, which has a sixty-day appeal period, the notice of appeal was untimely.