**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────────

**No. 99-6173**

───────────────

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JOHNNY SWANSON, III,

Defendant - Appellant.

───────────────

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Albert V. Bryan, Jr., Senior District Judge. (CR-95-432-A)

───────────────

Submitted: March 25, 1999          Decided: March 31, 1999

───────────────

Before WILKINS and MOTZ, Circuit Judges, and BUTZNER, Senior Circuit Judge.

───────────────

Dismissed by unpublished per curiam opinion.

───────────────

Johnny Swanson, III, Appellant Pro Se. Scott W. Putney, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia; David Glenn Barger, OFFICE OF THE INDEPENDENT COUNSEL, Alexandria, Virginia, for Appellee.

───────────────

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Following a jury trial, Johnny Swanson, III, was convicted on one count of impeding the Internal Revenue Service, in violation of 26 U.S.C. § 7212(a) (1994), and four counts of filing false employment tax returns, in violation of 26 U.S.C. § 7206(1) (1994). On February 16, 1997, the district court sentenced him to sixty months in prison, followed by a three-year term of supervised release. Swanson's conviction was affirmed on appeal. He now attempts to file a second direct criminal appeal pursuant to 18 U.S.C. § 3742 (1994).* We lack jurisdiction, however, to consider the merits of his appeal because it is untimely. Criminal defendants have ten days from the entry of the judgment or order at issue to file a notice of appeal. <u>See</u> Fed. R. App. P. 4(b). The appeal periods established by Rule 4 are "'mandatory and jurisdictional.'" <u>Browder v. Director, Dep't of Corrections</u>, 434 U.S. 257, 264 (1978) (quoting <u>United States v. Robinson</u>, 361 U.S. 220, 229 (1960)). Swanson filed his notice of appeal on February 2, 1999, nearly two years outside of the appeals period. Swanson's failure to note a timely appeal or obtain an extension of the appeal period therefore deprives this court of jurisdiction to

---

* Swanson also filed a notice of appeal from the district court's orders denying his Fed. R. Crim. P. 33 motion and denying his motion for reconsideration. Because he failed to raise claims pertaining to these orders in his informal brief, we need not address those orders. <u>See</u> Local Rule 36(b).

2

consider the merits of the appeal.  We therefore dismiss the appeal and dismiss as moot Swanson's motion for bail pending appeal.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED