**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 99-6306

CHARLES R. THOMAS,

Plaintiff - Appellant,

versus

EARL BESHEARS, Warden; EASTERN CORRECTIONAL
INSTITUTION; CORRECTIONAL MEDICAL SERVICES,

Defendants - Appellees.

Appeal from the United States District Court for the District of
Maryland, at Baltimore.  William M. Nickerson, District Judge.
(CA-98-324-WMN)

Submitted:  June 17, 1999          Decided:  June 24, 1999

Before MURNAGHAN and TRAXLER, Circuit Judges, and BUTZNER, Senior
Circuit Judge.

Dismissed by unpublished per curiam opinion.

Charles R. Thomas, Appellant Pro Se.  John Joseph Curran, Jr., At-
torney General, Gloria Wilson Shelton, OFFICE OF THE ATTORNEY
GENERAL OF MARYLAND, Baltimore, Maryland; Philip Melton Andrews,
Severn Eyre Savage Miller, KRAMON & GRAHAM, Baltimore, Maryland,
for Appellees.

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Charles Thomas filed an untimely notice of appeal and an untimely motion to extend time to file a notice of appeal. We dismiss the appeal for lack of jurisdiction. The time periods for filing notices of appeal are governed by Fed. R. App. P. 4. These periods are "mandatory and jurisdictional." Browder v. Director, Dep't of Corrections, 434 U.S. 257, 264 (1978) (quoting United States v. Robinson, 361 U.S. 220, 229 (1960)). Parties to civil actions have thirty days within which to file in the district court notices of appeal from judgments or final orders. Fed. R. App. P. 4(a)(1). The only exceptions to the appeal period are when the district court extends the time to appeal upon a party's timely Fed. R. App. P. 4(a)(5) motion to extend or reopens the appeal period under Fed. R. App. P. 4(a)(6).

The district court entered its order on August 26, 1998; Thomas's notice of appeal and motion to extend time to file a notice of appeal were filed on February 25, 1999. Thomas's failure to file a timely notice of appeal[*] or a timely motion to extend the time to file a notice of appeal, or to obtain a reopening of the appeal period leaves this court without jurisdiction to consider the merits of his appeal. We therefore dismiss the appeal. We

---

[*] For the purposes of this appeal we assume that the date Appellant wrote on the notice of appeal is the earliest date it would have been submitted to prison authorities. See Houston v. Lack, 487 U.S. 266 (1988).

2

dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED