**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────────

**No. 99-1550**

───────────────

JACQUELINE P. MAJETTE,

Plaintiff - Appellant,

versus

KENNETH S. APFEL, COMMISSIONER OF SOCIAL SECURITY,

Defendant - Appellee.

───────────────

Appeal from the United States District Court for the Eastern District of North Carolina, at Elizabeth City.  Terrence W. Boyle, Chief District Judge.  (CA-97-61-2-BO1)

───────────────

Submitted:  September 28, 1999      Decided:  October 8, 1999

───────────────

Before WILKINS and MOTZ, Circuit Judges, and PHILLIPS, Senior Circuit Judge.

───────────────

Dismissed by unpublished per curiam opinion.

───────────────

Michael B. Sosna, Henderson, North Carolina, for Appellant. Janice McKenzie Cole, United States Attorney, Anne M. Hayes, Assistant United States Attorney, Barbara D. Kocher, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

───────────────

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Jacqueline P. Majette appeals the district court's order denying her motion for judgment on the pleadings and granting the Commissioner of Social Security's motion for judgment on the pleadings in Majette's action for disability benefits under the Social Security Act. See Majette v. Apfel, No. CA-97-61-2-BO1 (E.D.N.C. Feb. 19, 1999).

The time periods for filing notices of appeal are governed by Fed. R. App. P. 4. These periods are "mandatory and jurisdictional." Browder v. Director, Dep't of Corrections, 434 U.S. 257, 264 (1978) (quoting United States v. Robinson, 361 U.S. 220, 229 (1960)). Parties are accorded sixty days after the entry of the district court's final judgment or order to notice an appeal. See Fed. R. App. P. 4(a)(1)(B). Exceptions to the appeal period obtain only if the district court either extends the time to appeal under Fed. R. App. P. 4(a)(5) or reopens the appeal period under Fed. R. App. P. 4(a)(6).

The district court's order was entered on the docket on February 19, 1999. Majette's notice of appeal was filed on April 21, 1999, one day beyond the sixty-day appeal period. Majette's failure to note a timely appeal or obtain an extension of the appeal period leaves this Court without jurisdiction to consider the merits of the Majette's appeal.

2

Accordingly, we dismiss Majette's appeal as untimely. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED