**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────

**No. 99-7516**

─────────

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

WILLIE DARRYL NESBITT,

Defendant - Appellant.

─────────

Appeal from the United States District Court for the District of South Carolina, at Spartanburg.  Henry M. Herlong, Jr., District Judge.  (CR-98-80, CA-99-2328-7-20)

─────────

Submitted:  January 13, 2000          Decided:  January 20, 2000

─────────

Before WIDENER, WILKINS, and LUTTIG, Circuit Judges.

─────────

Dismissed by unpublished per curiam opinion.

─────────

Willie Darryl Nesbitt, Appellant Pro Se.

─────────

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Willie Darryl Nesbitt filed an untimely notice of appeal. We dismiss the appeal for lack of jurisdiction. The time periods for filing notices of appeal are governed by Fed. R. App. P. 4. These periods are "mandatory and jurisdictional." Browder v. Director, Dep't of Corrections, 434 U.S. 257, 264 (1978) (quoting United States v. Robinson, 361 U.S. 220, 229 (1960)). Parties to civil actions in which the United States is a party have sixty days within which to file in the district court notices of appeal from judgments or final orders. Fed. R. App. P. 4(a)(1). The only exceptions to the appeal period are when the district court extends the time to appeal under Fed. R. App. P. 4(a)(5) or reopens the appeal period under Fed. R. App. P. 4(a)(6).

The district court entered its order on August 16, 1999; Nesbitt's notice of appeal was filed on October 28, 1999. Nesbitt's failure to file a timely notice of appeal[*] or to obtain either an extension or a reopening of the appeal period leaves this court without jurisdiction to consider the merits of his appeal. We therefore deny a certificate of appealability and dismiss the appeal. We dispense with oral argument because the facts and legal

---

[*] For the purposes of this appeal we assume that the date Appellant wrote on the notice of appeal is the earliest date it would have been submitted to prison authorities. See Houston v. Lack, 487 U.S. 266 (1988).

2

contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED