**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 99-7443**

---

JOSYLAN CONGREAVES,

Petitioner - Appellant,

versus

DAVID CHESTER,

Respondent - Appellee.

---

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. James C. Fox, District Judge.
(CA-99-258-5-F)

---

Submitted: April 13, 2000        Decided: April 19, 2000

---

Before WIDENER and WILKINS, Circuit Judges, and HAMILTON, Senior Circuit Judge.

---

Dismissed by unpublished per curiam opinion.

---

Eric Richard Nordman, Westerville, Ohio, for Appellant.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Josylan Congreaves filed an untimely notice of appeal of the district court's order dismissing his 28 U.S.C.A. § 2241 (1994) complaint challenging his federal sentence. We dismiss for lack of jurisdiction. The time periods for filing notices of appeal are governed by Fed. R. App. P. 4(a)(1). These periods are "mandatory and jurisdictional." Browder v. Director, Dep't of Corrections, 434 U.S. 257, 264 (1978) (quoting United States v. Robinson, 361 U.S. 220, 229 (1960)). Parties to civil actions in which the United States or an officer or agency thereof is a party are accorded sixty days within which to file in the district court notices of appeal from judgments or final orders. See Fed. R. App. P. 4(a)(1). Fed. R. App. P. 4(a)(1). This appeal period may be extended under Fed. R. App. P. 4(a)(5) or reopened under Fed. R. App. P. 4(a)(6).

The district court entered its order on June 14, 1999; Congreaves' notice of appeal was filed on October 18, 1999, which was beyond the sixty-day appeal period. Congreaves' failure to note a timely appeal or obtain an extension of the appeal peri-odleaves this court without jurisdiction to consider the merits of this appeal.[*] We therefore dismiss the appeal. We dispense with

_____

[*] To the extent Congreaves alleges ineffective assistance based on counsel's failure to note a timely appeal, his claim is not cognizable because there is no right to counsel in a habeas corpus proceeding, and thus no right to effective assistance of counsel. See, e.g., Mackall v. Angelone, 131 F.3d 442, 446-49 (4th

2

oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED

---

Cir. 1997).