**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 00-6535**

_____

ISAAC GILFORD,

Plaintiff - Appellant,

versus

PARRIS GLENDENING; ATTORNEY GENERAL FOR THE
STATE OF MARYLAND; LLOYD L. WATERS, Warden,

Defendants - Appellees.

_____

Appeal from the United States District Court for the District of
Maryland, at Baltimore. Frederic N. Smalkin, District Judge. (CA-
00-574-S)

_____

Submitted: September 21, 2000     Decided: September 28, 2000

_____

Before WILKINS, NIEMEYER, and TRAXLER, Circuit Judges.

_____

Dismissed by unpublished per curiam opinion.

_____

Isaac Gilford, Appellant Pro Se.

_____

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Isaac Gilford seeks to appeal the district court's order dismissing his 42 U.S.C.A. § 1983 (West Supp. 2000) action. We dismiss the appeal for lack of jurisdiction because Appellant's notice of appeal was not timely filed.

Parties are accorded thirty days after the entry of the district court's final judgment or order to note an appeal, see Fed. R. App. P. 4(a)(1), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5) or reopens the appeal period under Fed. R. App. P. 4(a)(6). This appeal period is "mandatory and jurisdictional." Browder v. Director, Dep't of Corrections, 434 U.S. 257, 264 (1978) (quoting United States v. Robinson, 361 U.S. 220, 229 (1960)).

The district court's order was entered on the docket on March 3, 2000. Gilford's notice of appeal was filed on April 10, 2000.[*] Because Gilford failed to file a timely notice of appeal or to obtain an extension or reopening of the appeal period, we dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED

---

[*] For the purpose of this appeal we assume that the date stamped on the envelope used to mail the notice of appeal is the date it was given to prison officials for mailing. See Fed. R. App. P. 4(c); Houston v. Lack, 487 U.S. 266 (1988).

2