**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 00-6665**

─────────────

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

DONALD RAY BARBER,

Defendant - Appellant.

─────────────

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Graham C. Mullen, Chief District Judge. (CR-93-124)

─────────────

Submitted: November 22, 2000          Decided: December 19, 2000

─────────────

Before MICHAEL, MOTZ, and TRAXLER, Circuit Judges.

─────────────

Dismissed by unpublished per curiam opinion.

─────────────

Donald Ray Barber, Appellant Pro Se. Gretchen C.F. Shappert, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Donald Ray Barber seeks to appeal the district court's order dismissing his motion for return of forfeited property. We dismiss the appeal for lack of jurisdiction because Appellant's notice of appeal was not timely filed.

In civil cases in which the United States is a party, litigants are accorded sixty days after the entry of the district court's final judgment or order to note an appeal, see Fed. R. App. P. 4(a)(1), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5) or reopens the appeal period under Fed. R. App. P. 4(a)(6). This appeal period is "mandatory and jurisdictional." Browder v. Director, Dep't of Corrections, 434 U.S. 257, 264 (1978) (quoting United States v. Robinson, 361 U.S. 220, 229 (1960)).

The district court's order was entered on the docket on February 3, 2000. Appellant's notice of appeal was filed on April 26, 2000.[*] Because Appellant failed to file a timely notice of appeal or to obtain an extension or reopening of the appeal period, we dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the mate-

---

[*] For the purpose of this appeal we assume that the date appearing on the notice of appeal is the earliest date it could have been given to prison officials for mailing. See Fed. R. App. P. 4(c); Houston v. Lack, 487 U.S. 266 (1988).

2

rials before the court and argument would not aid the decisional process.

DISMISSED