**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.

JAMES CEDRIC HAYDEN, a/k/a
Reginald James Wilder,
            *Defendant-Appellant.*

No. 01-6022

Appeal from the United States District Court
for the Western District of Virginia, at Roanoke.
Jackson L. Kiser, Senior District Judge.
(CR-94-78, CA-00-662-7)

Submitted: April 27, 2001

Decided: May 8, 2001

Before LUTTIG and MOTZ, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

---

Dismissed by unpublished per curiam opinion.

---

## COUNSEL

James Cedric Hayden, Appellant Pro Se. Ray B. Fitzgerald, Jr.,
OFFICE OF THE UNITED STATES ATTORNEY, Charlottesville,
Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

---

## OPINION

PER CURIAM:

James Cedric Hayden seeks to appeal the district court's order dis-
missing his 28 U.S.C.A. § 2255 (West Supp. 2000) motion as
untimely. The Government has filed a motion to dismiss the appeal
as untimely. We grant the Government's motion and dismiss the
appeal for lack of jurisdiction because Appellant's notice of appeal
was not timely filed.

Where the United States is a party to an action, the litigants are
accorded sixty days after entry of the district court's final judgment
or order to note an appeal, Fed. R. App. P. 4(a)(1), unless the district
court extends the appeal period under Fed. R. App. P. 4(a)(5) or
reopens the appeal period under Fed. R. App. P. 4(a)(6). This appeal
period is "mandatory and jurisdictional." *Browder v. Director, Dep't
of Corr.*, 434 U.S. 257, 264 (1978) (quoting *United States v. Robin-
son*, 361 U.S. 220, 229 (1960)).

The district court's order was entered on the docket on August 21,
2000. Therefore, the original appeal period expired on October 20,
2000. However, before the expiration of the appeal period, Hayden
moved for an extension of time to file his notice of appeal. On Sep-
tember 25, 2000, the district court granted Hayden's motion but did
not specify a time period for filing the notice of appeal.

Under Fed. R. App. P. 4(a)(5)(C), no extension "may exceed 30
days after the prescribed time or 10 days after the date when the order
granting the motion is entered, whichever is later." In this case, the
appeal period expired, at the latest, on November 20, 2000.* Hay-

---

*Thirty days after the expiration of the appeal period was November
19, 2000. However, that date was a Sunday, so Hayden had until the fol-
lowing day, November 20, 2000, to file his notice of appeal. Fed. R.
App. P. 26(a)(3).

den's notice of appeal was filed, at the earliest, on December 4, 2000, the date appearing on the notice of appeal. Fed. R. App. P. 4(c); *Houston v. Lack*, 487 U.S. 266, 276 (1988). Because Hayden failed to file a timely notice of appeal, we grant the Government's motion to dismiss the appeal as untimely, deny a certificate of appealability, and dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*DISMISSED*