**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

―――――――――

**No. 02-7709**

―――――――――

M. RODNEY JONES, a/k/a Rodney M. Jones, a/k/a
Rodney E. Jones,

                                        Plaintiff - Appellant,

        versus

SOUTH CAROLINA DEPARTMENT OF CORRECTIONS,

                                        Defendant - Appellee.

―――――――――

Appeal from the United States District Court for the District of
South Carolina, at Columbia.  Margaret B. Seymour, District Judge.
(CA-02-1958-3-24)

―――――――――

Submitted:  April 24, 2003          Decided:  May 1, 2003

―――――――――

Before NIEMEYER, GREGORY, and SHEDD, Circuit Judges.

―――――――――

Dismissed by unpublished per curiam opinion.

―――――――――

M. Rodney Jones, Appellant Pro Se.

―――――――――

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

M. Rodney Jones seeks to appeal the district court's order denying his motion to alter or amend the judgment. We dismiss the appeal for lack of jurisdiction because the notice of appeal was not timely filed.

Parties are accorded thirty days after the entry of the district court's final judgment or order to note an appeal, Fed. R. App. P. 4(a)(1)(A), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5) or reopens the appeal period under Fed. R. App. P. 4(a)(6). This appeal period is "mandatory and jurisdictional." Browder v. Director, Dep't of Corr., 434 U.S. 257, 264 (1978) (quoting United States v. Robinson, 361 U.S. 220, 229 (1960)).

The district court's order was entered on the docket on August 21, 2002. The notice of appeal was filed no earlier than October 31, 2002.[*] Because Jones failed to file a timely notice of appeal or to obtain an extension or reopening of the appeal period, we dismiss the appeal. We also deny Jones' motions for appointment of counsel and for protection from inmates and staff at the South Carolina Department of Corrections. We dispense with oral argument

---

[*] Jones' notice of appeal was received by the district court on November 5, 2002. However, we must consider it filed as of the date it was delivered to prison officials for mailing. See Houston v. Lack, 487 U.S. 266 (1988). Giving Jones every benefit of the doubt, his notice is deemed filed on October 31, 2002.

because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED

3