**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 03-6960**

─────────────

RODNEY EUGENE BOYD,

                                        Petitioner - Appellant,

        versus

MICHAEL W. YORK,

                                        Respondent - Appellee.

─────────────

Appeal from the United States District Court for the Middle District of North Carolina, at Durham.  James A. Beaty, Jr., District Judge. (CA-00-1088-1)

─────────────

Submitted:  November 12, 2003      Decided:  November 25, 2003

─────────────

Before MOTZ and DUNCAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

─────────────

Dismissed by unpublished per curiam opinion.

─────────────

Rodney Eugene Boyd, Appellant Pro Se.  Clarence Joe DelForge, III, OFFICE OF THE ATTORNEY GENERAL OF NORTH CAROLINA, Raleigh, North Carolina, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Rodney Eugene Boyd seeks to appeal the district court's order dismissing his petition for habeas corpus relief, 28 U.S.C. § 2254 (2000). We dismiss the appeal for lack of jurisdiction because the notice of appeal was not timely filed.

Parties are accorded thirty days after entry of the district court's final judgment or order to note an appeal, Fed. R. App. P. 4(a)(1)(A), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5) or reopens the appeal period under Fed. R. App. P. 4(a)(6). This appeal period is "mandatory and jurisdictional." Browder v. Director, Dep't of Corr., 434 U.S. 257, 264 (1978) (quoting United States v. Robinson, 361 U.S. 220, 229 (1960)).

The district court's order was entered on the docket on April 1, 2003. The notice of appeal was filed on June 6, 2003.[*] Because Boyd failed to file a timely notice of appeal or to obtain an extension or reopening of the appeal period, we dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

---

[*] For the purpose of this appeal, we assume that the date appearing on the notice of appeal is the earliest date it could have been delivered to prison officials for mailing to the court. See Fed. R. App. P. 4(c); Houston v. Lack, 487 U.S. 266 (1988).

<u>DISMISSED</u>