**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 07-7236

LEON HERBERT CROWE, II,

Petitioner - Appellant,

versus

DIRECTOR, DEPARTMENT OF CORRECTIONS,

Respondent - Appellee.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.  M. Hannah Lauck, Magistrate Judge.  (3:06-cv-00568-MHL)

Submitted:  December 20, 2007      Decided:  December 27, 2007

Before MICHAEL and KING, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Dismissed by unpublished per curiam opinion.

Leon Herbert Crowe, II, Appellant Pro Se.  Richard Carson Vorhis, OFFICE OF THE ATTORNEY GENERAL OF VIRGINIA, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Leon Herbert Crowe, II, seeks to appeal the magistrate judge's orders[1] denying relief on his 28 U.S.C. § 2254 (2000) petition and his subsequent Fed. R. Civ. P. 60(b) motion. To the extent Crowe seeks to appeal the magistrate judge's order denying relief on his § 2254 petition, we dismiss the appeal for lack of jurisdiction because the notice of appeal was not timely filed.

Parties are accorded thirty days after the entry of the district court's final judgment or order to note an appeal, Fed. R. App. P. 4(a)(1)(A), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5), or reopens the appeal period under Fed. R. App. P. 4(a)(6). This appeal period is "mandatory and jurisdictional." Browder v. Dir., Dep't of Corr., 434 U.S. 257, 264 (1978) (quoting United States v. Robinson, 361 U.S. 220, 229 (1960)).

The magistrate judge's order denying § 2254 relief was entered on the docket on June 27, 2007. The notice of appeal was filed, at the earliest, on August 13, 2007.[2] Because Crowe failed to file a timely notice of appeal or to obtain an extension or reopening of

---

[1]The parties consented to the magistrate judge's jurisdiction pursuant to 28 U.S.C. § 636(c) (2000).

[2]Because Crowe is a prisoner and filed his notice of appeal pro se, it is deemed filed on the date he gave it to prison officials for mailing. See Fed. R. App. P. 4(c)(1); Houston v. Lack, 487 U.S. 266, 276 (1988). Crowe's notice of appeal was filed, at the earliest, on August 13, 2007, the date he provided on his certificate of service.

the appeal period, we dismiss the appeal from the order denying § 2254 relief.

Turning to the appeal of the order denying Crowe's Rule 60(b) motion, this order is not appealable unless a circuit justice or judge issues a certificate of appealability. See 28 U.S.C. § 2253(c)(1) (2000). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2000). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. See Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001). We have independently reviewed the record and conclude that Crowe has not made the requisite showing. Accordingly, we deny a certificate of appealability and dismiss the appeal from the order denying Crowe's Rule 60(b) motion.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED

- 3 -