**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 96-6830**

———————————

WILLIAM EUGENE COMPTON,

                                        Plaintiff - Appellant,

        versus

PETER S. GILCHRIST, III; MERLENE WALL,

                                        Defendant - Appellees.

———————————

Appeal from the United States District Court for the Western Dis-
trict of North Carolina, at Charlotte.  Graham C. Mullen, District
Judge.  (CA-95-312-3MU)

———————————

Submitted:  December 31, 1996      Decided:  April 22, 1997

———————————

Before HALL, WILKINS, and HAMILTON, Circuit Judges.

———————————

Dismissed by unpublished per curiam opinion.

———————————

William Eugene Compton, Appellant Pro Se.

———————————

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

William Eugene Compton filed an untimely notice of appeal. We dismiss the appeal for lack of jurisdiction. The time periods for filing notices of appeal are governed by Fed. R. App. P. 4. These periods are "mandatory and jurisdictional." Browder v. Director, Dep't of Corrections, 434 U.S. 257, 264 (1978) (quoting United States v. Robinson, 361 U.S. 220, 229 (1960)). Parties to civil actions have thirty days within which to file in the district court notices of appeal from judgments or final orders. Fed. R. App. P. 4(a)(1). The only exceptions to the appeal period are when the district court extends the time to appeal under Fed. R. App. P. 4(a)(5) or reopens the appeal period under Fed. R. App. P. 4(a)(6).

The district court entered its order on January 5, 1996; the notice of appeal was filed on May 6, 1996. Compton's failure to file a timely notice of appeal[*] or to obtain either an extension or a reopening of the appeal period leaves this court without jurisdiction to consider the merits of his appeal. We therefore deny leave to proceed in forma pauperis and dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED

---

[*] For the purposes of this appeal we assume that the date Appellant wrote on the notice of appeal is the earliest date it would have been submitted to prison authorities. See Houston v. Lack, 487 U.S. 266 (1988).

2