**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 97-7241**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

BRENDA LAY LYNN,

Defendant - Appellant.

---

Appeal from the United States District Court for the Northern District of West Virginia, at Martinsburg. Irene M. Keeley, District Judge. (CR-94-130, CA-97-29-3)

---

Submitted: November 6, 1997          Decided: December 23, 1997

---

Before WIDENER and LUTTIG, Circuit Judges, and BUTZNER, Senior Circuit Judge.

---

Affirmed in part and dismissed in part by unpublished per curiam opinion.

---

Brenda Lay Lynn, Appellant Pro Se. Paul Thomas Camilletti, OFFICE OF THE UNITED STATES ATTORNEY, Wheeling, West Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Appellant appeals the district court's order denying three post-conviction motions. Insofar as appellant appeals the district court's decision denying her motion filed under Fed. R. Civ. P. 60(b), we have reviewed the record and the district court's opinion and find no reversible error. Accordingly, we affirm that order on the reasoning of the district court. United States v. Lynn, No. CA-97-29-3 (N.D.W. Va. July 21, 1997).

Insofar as appellant seeks to appeal from the motions filed under 18 U.S.C. § 3553(b) (1994) seeking a reduction in sentence and an evidentiary hearing in that matter, the notice of appeal was untimely. We therefore dismiss the appeal as to those motions for lack of jurisdiction. The time periods for filing notices of appeal are governed by Fed. R. App. P. 4. These periods are "'mandatory and jurisdictional.'" Browder v. Director, Dep't of Corrections, 434 U.S. 257, 264 (1978) (quoting United States v. Robinson, 361 U.S. 220, 229 (1960)). Criminal defendants have ten days within which to file in the district court notices of appeal from judgments or final orders. See Fed. R. App. P. 4(b). The only exception to the appeal period is when the district court extends the time to appeal under Fed. R. App. P. 4(b) upon a showing of excusable neglect. The district court entered its order denying the criminal motions on July 21, 1997; Appellant's notice of appeal was filed in the district court on September 2, 1997. Though the record contains no certification of when she relayed her notice of appeal to prison authorities for mailing to the district court, it appears that Ap-

2

pellant mailed the document on August 26, 1997, beyond the ten-day appeal period. Appellant's failure to obtain an extension within the prescribed time frame leaves this court without jurisdiction to consider the merits of Appellant's appeal.[*] We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED IN PART; DISMISSED IN PART</u>

---

[*] Appellant's § 3553(b) motion was untimely. Accordingly, we conclude that remanding to the district court for assessment of whether Appellant can demonstrate excusable neglect for her late notice of appeal is not warranted.