**OPINION ON REHEARING**

**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 98-6077**

---

UNITED STATES OF AMERICA,

                                        Plaintiff - Appellee,

        versus

WILLIAM R. ATKINS,

                                        Defendant - Appellant.

---

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.  James C. Cacheris, Senior District Judge. (CR-88-291-A, CA-97-1351-AM)

---

Submitted:  March 9, 1999              Decided:  May 5, 1999

---

Before WIDENER and WILKINS, Circuit Judges, and HALL, Senior Circuit Judge.

---

Dismissed by unpublished per curiam opinion.

---

William R. Atkins, Appellant Pro Se.  Jonathan Roland Barr, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

William R. Atkins seeks to appeal separate orders entered by the district court denying his motion filed under 28 U.S.C.A. § 2255 (West 1994 & Supp. 1998), and denying his motion for reconsideration. By court order, the panel granted Atkins' petition for rehearing and vacated its decision of September 1, 1998.

Atkins filed an untimely notice of appeal. We accordingly dismiss for lack of jurisdiction. The time periods for filing notices of appeal are governed by Fed. R. App. P. 4. These periods are "mandatory and jurisdictional." Browder v. Director, Dep't of Corrections, 434 U.S. 257, 264 (1978) (quoting United States v. Robinson, 361 U.S. 220, 229 (1960)). Parties to civil actions involving the United States are accorded sixty days within which to file in the district court notices of appeal from judgments or final orders. See Fed. R. App. P. 4(a)(1). Exceptions to the appeal period obtain only if the district court extends the time to appeal under Fed. R. App. P. 4(a)(5) or reopens the appeal period under Fed. R. App. P. 4(a)(6).

The district court entered its order denying Atkins' § 2255 motion on September 19, 1997, and entered its order denying Atkins' Fed. R. Civ. P. 59(e) motion for reconsideration on October 10, 1997. Thus, Atkins had until December 9, 1997, within which to submit his notice of appeal. See Fed. R. App. P. 4(c). Atkins' notice of appeal was dated December 10, 1997, and filed on December

22, 1997. The district court did not extend the appeal period. Accordingly, Atkins' failure to note a timely appeal or obtain an extension of the appeal period leaves this court without jurisdiction to consider the merits of his appeal from either the denial of the § 2255 motion or the denial of his motion for reconsideration. We therefore deny a certificate of appealability and dismiss the appeal as to those orders.

Atkins also appealed from the district court's order denying several post-judgment collateral motions. We have reviewed the record and find that the district court's denial of these motions was not an abuse of discretion. Accordingly, we dismiss the appeal of these orders. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED