**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 99-7442**

─────────────

BENTLEY LOCKLEAR,

Plaintiff - Appellant,

versus

COUNTY OF HARNETT; D. WHITTENTON, Officer and
other U/K Officers; CITY OF DUNN,

Defendants - Appellees.

─────────────

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Terrence W. Boyle, Chief District Judge.  (CA-99-9-5-BO)

─────────────

Submitted:  February 24, 2000          Decided:  March 3, 2000

─────────────

Before MOTZ and KING, Circuit Judges, and BUTZNER, Senior Circuit Judge.

─────────────

Dismissed by unpublished per curiam opinion.

─────────────

Bentley Locklear, Appellant Pro Se.  Mark Allen Davis, WOMBLE, CARLYLE, SANDRIDGE & RICE, Raleigh, North Carolina; Billy Ray Godwin, Jr., Dunn, North Carolina, for Appellees.

─────────────

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Bentley Locklear seeks to appeal the district court's order dismissing his 42 U.S.C.A. § 1983 (West Supp. 1999) action. We dismiss the appeal for lack of jurisdiction because Locklear's notice of appeal was not timely filed.

Parties are accorded thirty days after entry of the district court's final judgment or order to note an appeal, see Fed. R. App. P. 4(b)(1), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5) or reopens the appeal period under Fed. R. App. P. 4(a)(6). This appeal period is "mandatory and jurisdictional." Browder v. Director, Dep't of Corrections, 434 U.S. 257, 264 (1978) (quoting United States v. Robinson, 361 U.S. 220, 229 (1960)).

The district court's order was entered on the docket on August 17, 1999. Locklear's notice of appeal was filed on October 11, 1999.* Because Locklear failed to file a timely notice of appeal or to obtain an extension or reopening of the appeal period, we dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the mate-

---

* For the purposes of this appeal we assume that the date Locklear wrote on the notice of appeal is the earliest date it would have been submitted to prison authorities. See Houston v. Lack, 487 U.S. 266 (1988).

2

rials before the court and argument would not aid the decisional process.

DISMISSED