**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 99-7638**

———————————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JEROME JEWETT JOHNSON, SR.,

Defendant - Appellant.

———————————

Appeal from the United States District Court for the Middle District of North Carolina, at Durham. N. Carlton Tilley, Jr., Chief District Judge. (CR-96-6, CA-97-173-1)

———————————

Submitted: March 23, 2000        Decided: March 30, 2000

———————————

Before LUTTIG, WILLIAMS, and MICHAEL, Circuit Judges.

———————————

Dismissed by unpublished per curiam opinion.

———————————

Jerome Jewett Johnson, Sr., Appellant Pro Se. Paul Alexander Weinman, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Jerome Jewett Johnson, Sr., seeks to appeal the district court's order denying his motion filed under 28 U.S.C.A. § 2255 (West Supp. 1999). We dismiss the appeal for lack of jurisdiction because Johnson's notice of appeal was not timely filed.

Parties are accorded sixty days after entry of the district court's final judgment or order to note an appeal, see Fed. R. App. P. 4(b)(1), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5) or reopens the appeal period under Fed. R. App. P. 4(a)(6). This appeal period is "mandatory and jurisdictional." Browder v. Director, Dep't of Corrections, 434 U.S. 257, 264 (1978) (quoting United States v. Robinson, 361 U.S. 220, 229 (1960)).

The district court's order was entered on the docket on April 3, 1998. Johnson's notice of appeal was filed on June 9, 1998.[*] Because Johnson failed to file a timely notice of appeal or to obtain an extension or reopening of the appeal period, we deny a certificate of appealability and dismiss the appeal. We dispense with oral argument because the facts and legal contentions are

---

[*] For the purpose of this appeal, we assume that the date appearing on the notice of appeal is the earliest date it could have been given to prison officials for mailing. See Fed. R. App. P. 4(c); Houston v. Lack, 487 U.S. 266 (1985).

2

adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED