**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

―――――――――

No. 99-6867

―――――――――

JAMES MALLARD, a/k/a F. Brown,

                              Petitioner - Appellant,

        versus

FRED MENIFEE,

                              Respondent - Appellee.

―――――――――

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. James C. Fox, District Judge. (CA-98-675-5-HC)

―――――――――

Submitted: March 28, 2000          Decided: May 1, 2000

―――――――――

Before MURNAGHAN and WILLIAMS, Circuit Judges, and BUTZNER, Senior Circuit Judge.

―――――――――

Dismissed by unpublished per curiam opinion.

―――――――――

James Mallard, Appellant Pro Se.

―――――――――

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

James Mallard seeks to appeal the district court's order dismissing his 28 U.S.C.A. § 2254 (West 1994 & Supp. 1999) petition. We dismiss the appeal for lack of jurisdiction because Mallard's notice of appeal was not timely filed.

Parties are accorded thirty days after entry of the district court's final judgment or order to note an appeal, see Fed. R. App. P. 4(b)(1), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5) or reopens the appeal period under Fed. R. App. P. 4(a)(6). This appeal period is "mandatory and jurisdictional." Browder v. Director, Dep't of Corrections, 434 U.S. 257, 264 (1978) (quoting United States v. Robinson, 361 U.S. 220, 229 (1960)).

The district court's order was entered on the docket on September 15, 1998. Mallard's notice of appeal was filed on May 13, 1999, and he failed to obtain an extension or reopening of the appeal period. On September 21, 1999, this court remanded Mallard's case for a determination of whether his notice of appeal was timely under Houston v. Lack, 487 U.S. 266, 276 (1988). On October 29, 1999, acting on this court's direction, the district court directed Mallard to submit, within fifteen days of his receipt of the order, a statement made under penalty of perjury providing evidence as to the date of filing. Mallard did not respond to this order. Given this failure to come forward with evi-

dence sufficient to demonstrate a timely filing under <u>Houston</u>, the district court found Mallard's notice of appeal untimely.  Finding no error in this determination, we deny a certificate of appealability, deny Mallard's motion for appointment of counsel, and dismiss the appeal.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>DISMISSED</u>