**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 00-1364**

---

LOUIS J. DEL GIORNO,

                                        Plaintiff - Appellant,

        versus

GATEWAY REGIONAL HEALTH SYSTEM, INCORPORATED;
GATEWAY HEALTH ENTERPRISES, INCORPORATED;
GATEWAY FOUNDATION, INCORPORATED; INWOOD
FAMILY MEDICINE; PETER L. MULFORD, both indi-
vidually and in his capacity as President of
Gateway Foundation, Incorporated; JOHN PALKOT,
M.D.; OTHER UNKNOWN AND UNNAMED DEFENDANTS,

                                        Defendants - Appellees.

---

Appeal from the United States District Court for the Northern Dis-
trict of West Virginia, at Martinsburg.  W. Craig Broadwater, Dis-
trict Judge.  (CA-97-59-3)

---

Submitted:  August 15, 2000        Decided:  September 15, 2000

---

Before WILKINS, TRAXLER, and KING, Circuit Judges.

---

Affirmed in part and dismissed in part by unpublished per curiam
opinion.

---

Louis J. Del Giorno, Appellant Pro Se.  Tracey Brown Dawson,
STEPTOE & JOHNSON, Martinsburg, West Virginia, for Appellees.

---

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Louis J. Del Giorno filed a complaint alleging breach of contract and tortuous interference with a business relationship. He appeals the district court's orders granting summary judgment to the Appellees and denying his motion filed under Rule 60(b) of the Federal Rules of Civil Procedure. The Appellees have filed a motion to dismiss the appeal from the district court order denying the Rule 60(b) motion. We have reviewed the record and the district court's memorandum opinion granting summary judgment and find no reversible error.[*] We find no merit to Del Giorno's arguments that the district court erred by granting counsel's motion to withdraw and by not re-opening discovery. Accordingly, we affirm the order granting summary judgment on the reasoning of the district court. See Del Giorno v. Gateway Reg'l Health Sys., No. CA-97-59-3 (N.D.W. Va. Sept. 21, 1999).

We grant the Appellees' motion to dismiss the appeal from the district court's order denying Del Giorno's Rule 60(b) motion because his notice of appeal was not timely. Parties are accorded thirty days after entry of the district court's final judgment or order to note an appeal, see Fed. R. App. P. 4(a)(1), unless the district court extends the appeal period under Fed. R. App. P.

---

[*] To the extent Appellees seek to dismiss the appeal of this order as untimely, Del Giorno filed a document within the appeal period that complies with the requirements of Rule 3 of the Federal Rules of Appellate Procedure. See R. 92. Accordingly, we deny the motion to dismiss as to the order granting summary judgment.

4(a)(5) or reopens the appeal period under Fed. R. App. P. 4(a)(6). This appeal period is "'mandatory and jurisdictional.'" <u>Browder v. Director, Dep't of Corrections</u>, 434 U.S. 257, 264 (1978) (quoting <u>United States v. Robinson</u>, 361 U.S. 220, 229 (1960)).

The district court's order was entered on the docket on December 10, 1999. Del Giorno's notice of appeal was filed on January 12, 2000, two days beyond the appeal period. Because Del Giorno failed to file a timely notice of appeal or to obtain an extension or reopening of the appeal period, we grant the motion to dismiss the appeal as to the order denying the Rule 60(b) motion.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED IN PART, DISMISSED IN PART</u>