**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

—————————

**No. 00-7084**

—————————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

TERRENCE LAMAR MACKINS,

Defendant - Appellant.

—————————

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Graham C. Mullen, Chief District Judge.  (CR-94-16, CA-96-474-3-MU)

—————————

Submitted:  January 10, 2001        Decided:  February 7, 2001

—————————

Before WILKINS and KING, Circuit Judges, and HAMILTON, Senior Circuit Judge.

—————————

Dismissed by unpublished per curiam opinion.

—————————

Terrence Lamar Mackins, Appellant Pro Se.  Gretchen C.F. Shappert, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

—————————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Terrence Lamar Mackins appeals the district court's order dismissing his 28 U.S.C.A. § 2255 (West Supp. 2000) motion. We dismiss the appeal for lack of jurisdiction because Mackins' notice of appeal was not timely filed.

In civil cases in which the United States is a party, parties are accorded sixty days after entry of the district court's final judgment or order to note an appeal, see Fed. R. App. P. 4(a)(1), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5) or reopens the appeal period under Fed. R. App. P. 4(a)(6). This appeal period is "mandatory and jurisdictional." Browder v. Director, Dep't of Corr., 434 U.S. 257, 264 (1978) (quoting United States v. Robinson, 361 U.S. 220, 229 (1960)).

The district court's order was entered on the docket on April 30, 1999. Mackins' notice of appeal was filed on July 3, 2000.* Because Mackins failed to file a timely notice of appeal or to obtain an extension or reopening of the appeal period, we deny a certificate of appealability and dismiss the appeal. We dispense with oral argument because the facts and legal contentions are

---

* For the purpose of this appeal, we assume the date Mackins wrote on his notice of appeal is the earliest date it could have been given to prison officials for mailing. See Fed. R. App. P. 4(c); Houston v. Lack, 487 U.S. 266 (1988).

adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED