**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 00-7743**

---

UNITED STATES OF AMERICA,

                                        Plaintiff - Appellee,

        versus

KEVIN WHITE,

                                        Defendant - Appellant.

---

Appeal from the United States District Court for the District of South Carolina, at Charleston.  Patrick Michael Duffy, District Judge.  (CR-97-577, CA-99-3648-2-23)

---

Submitted:  January 31, 2001         Decided:  February 16, 2001

---

Before NIEMEYER, WILLIAMS, and KING, Circuit Judges.

---

Dismissed by unpublished per curiam opinion.

---

Kevin White, Appellant Pro Se.  Miller Williams Shealy, Jr., OFFICE OF THE UNITED STATES ATTORNEY, Charleston, South Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Kevin White appeals the district court's order dismissing and denying his motions filed under 28 U.S.C.A. § 2255 (West Supp. 2000) and Fed. R. Civ. P. 60(b). Insofar as White seeks to appeal from the district court's order dismissing his § 2255 motion, the notice of appeal was untimely. We therefore dismiss the appeal as to that order for lack of jurisdiction.

The time periods for filing notices of appeal are governed by Fed. R. App. P. 4. These periods are "mandatory and jurisdictional." Browder v. Director, Dep't of Corr., 434 U.S. 257, 264 (1978) (quoting United States v. Robinson, 361 U.S. 220, 229 (1960)). In civil cases in which the United States is a party, parties are accorded sixty days after entry of the district court's final judgment or order to note an appeal. See Fed. R. App. P. 4(a)(1)(B). The only exception to the appeal period is when the district court extends the time to appeal under Fed. R. App. P. 4(a)(5) or reopens the appeal period under Fed. R. App. P. 4(a)(6). The filing of a Fed. R. Civ. P. 60(b) motion for reconsideration does not change the applicable appeal period, unless the motion is filed within ten days of the entry of the district court's order. Fed. R. App. P. 4(a)(4)(A).

The district court entered its order dismissing White's § 2255 motion on September 21, 2000; White's motion for reconsideration was filed in the district court on November 11, 2000, and his

2

notice of appeal was filed in the district court on December 1, 2000. White's failure to timely file his notice of appeal or to obtain an extension within the prescribed time frame leaves this Court without jurisdiction to consider the merits of White's appeal as it pertains to his § 2255 motion.

Insofar as White seeks to appeal from the district court's order denying his Fed. R. Civ. P. 60(b) motion for reconsideration, we have reviewed the record and the district court's opinion and find no reversible error. Accordingly, we deny a certificate of appealability and dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.

DISMISSED