**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**James Cedric HAYDEN, a/k/a Reginald James Wilder, Defendant–
Appellant.**

**No. 01–6022.**

United States Court of Appeals,
Fourth Circuit.

Submitted April 27, 2001.

Decided May 8, 2001.

James Cedric Hayden, pro se.

Ray B. Fitzgerald, Jr., Office of the United States Attorney, Charlottesville, VA, for appellee.

Before LUTTIG and MOTZ, Circuit Judges, and HAMILTON, Senior Circuit Judge.

## OPINION

PER CURIAM.

James Cedric Hayden seeks to appeal the district court's order dismissing his 28 U.S.C.A. § 2255 (West Supp.2000) motion as untimely. The Government has filed a motion to dismiss the appeal as untimely. We grant the Government's motion and dismiss the appeal for lack of jurisdiction because Appellant's notice of appeal was not timely filed.

Where the United States is a party to an action, the litigants are accorded sixty days after entry of the district court's final judgment or order to note an appeal, Fed. R.App.P. 4(a)(1), unless the district court extends the appeal period under Fed. R.App.P. 4(a)(5) or reopens the appeal period under Fed.R.App.P. 4(a)(6). This appeal period is "mandatory and jurisdictional." *Browder v. Director, Dep't· of Corr.*, 434 U.S. 257, 264, 98 S.Ct. 556, 54 L.Ed.2d 521 (1978) (quoting *United States v. Robinson*, 361 U.S. 220, 229, 80 S.Ct. 282, 4 L.Ed.2d 259 (1960)).

The district court's order was entered on the docket on August 21, 2000. Therefore, the original appeal period expired on October 20, 2000. However, before the expiration of the appeal period, Hayden moved for an extension of time to file his notice of appeal. On September 25, 2000, the district court granted Hayden's motion but did not specify a time period for filing the notice of appeal.

Under Fed.R.App.P. 4(a)(5)(C), no extension "may exceed 30 days after the prescribed time or 10 days after the date when the order granting the motion is entered, whichever is later." In this case, the appeal period expired, at the latest, on November 20, 2000.* Hayden's notice of appeal was filed, at the earliest, on December 4, 2000, the date appearing on the notice of appeal. Fed.R.App.P. 4(c); *Houston v. Lack*, 487 U.S. 266, 276, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988). Because Hayden failed to file a timely notice of appeal, we grant the Government's motion to dismiss the appeal as untimely, deny a certificate of appealability, and dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*DISMISSED.*

---

* Thirty days after the expiration of the appeal period was November 19, 2000. However, that date was a Sunday, so Hayden had until the following day, November 20, 2000, to file his notice of appeal. Fed.R.App.P. 26(a)(3).