**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 01-6403**

———————

EDWARD BRICE,

Petitioner - Appellant,

versus

STATE OF NORTH CAROLINA,

Respondent - Appellee.

———————

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Graham C. Mullen, Chief District Judge. (CA-00-101-3-MU)

———————

Submitted: August 17, 2001       Decided: September 11, 2001

———————

Before WIDENER, MOTZ, and TRAXLER, Circuit Judges.

———————

Dismissed by unpublished per curiam opinion.

———————

Edward Brice, Appellant Pro Se. Clarence Joe DelForge, III, OFFICE OF THE ATTORNEY GENERAL OF NORTH CAROLINA, Raleigh, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Edward Brice seeks to appeal the district court's order dismissing his petition for writ of habeas corpus. We dismiss the appeal for lack of jurisdiction because Brice's notice of appeal was not timely filed.

Parties are accorded thirty days after the entry of the district court's final judgment or order to note an appeal, see Fed. R. App. P. 4(a)(1), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5) or reopens the appeal period under Fed. R. App. P. 4(a)(6). This appeal period is "mandatory and jurisdictional." Browder v. Director, Dep't of Corrections, 434 U.S. 257, 264 (1978) (quoting United States v. Robinson, 361 U.S. 220, 229 (1960)).

The district court's order from which Brice appeals was entered on the docket on December 8, 2000. Brice's notice of appeal is deemed to be filed no earlier than January 29, 2001.[*] Because Brice failed to file a timely notice of appeal or to obtain an extension or reopening of the appeal period, we deny a certificate of appealability and dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequate-

---

[*] For the purpose of this appeal we assume that the date appearing on the notice of appeal is the earliest date it could have been given to prison officials for mailing. See Fed. R. App. P. 4(c); Houston v. Lack, 487 U.S. 266 (1988).

2

ly presented in the materials before the court and argument would not aid the decisional process.

DISMISSED