**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 03-6865**

———————————

UNITED STATES OF AMERICA,

                                        Plaintiff - Appellee,

        versus

JACOB A. BOLDEN,

                                        Defendant - Appellant.

———————————

Appeal from the United States District Court for the Western District of North Carolina, at Asheville.  Lacy H. Thornburg, District Judge.  (CR-99-74, CA-02-103)

———————————

Submitted:  July 24, 2003          Decided:  August 12, 2003

———————————

Before WILKINSON, NIEMEYER, and LUTTIG, Circuit Judges.

———————————

Dismissed by unpublished per curiam opinion.

———————————

Jacob A. Bolden, Appellant Pro Se.  Thomas Richard Ascik, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Jacob A. Bolden seeks to appeal the district court's order denying as untimely his motion filed under 28 U.S.C. § 2255 (2000). We dismiss the appeal for lack of jurisdiction because the notice of appeal was not timely filed.

When the United States or its officer or agency is a party, the notice of appeal must be filed no more than sixty days after the entry of the district court's final judgment or order, Fed. R. App. P. 4(a)(1)(B), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5) or reopens the appeal period under Fed. R. App. P. 4(a)(6). This appeal period is "mandatory and jurisdictional." Browder v. Director, Dep't of Corr., 434 U.S. 257, 264 (1978) (quoting United States v. Robinson, 361 U.S. 220, 229 (1960)).

The district court's order was entered on the docket on July 15, 2002. The notice of appeal was filed on May 21, 2003.[*] Because Bolden failed to file a timely notice of appeal or to obtain an extension or reopening of the appeal period, we deny a certificate of appealability and dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately

---

[*] For the purpose of this appeal, we assume that the date appearing on the notice of appeal is the earliest date it could have been properly delivered to prison officials for mailing to the court. See Fed. R. App. P. 4(c); Houston v. Lack, 487 U.S. 266 (1988).

presented in the materials before the court and argument would not aid the decisional process.

DISMISSED