**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 03-7905

RONALD TATE,

Petitioner - Appellant,

versus

RICHARD SMITH; HENRY DARGAN MCMASTER, Attorney
General for the State of South Carolina,

Respondents - Appellees.

Appeal from the United States District Court for the District of
South Carolina, at Greenville.  Terry L. Wooten, District Judge.
(ca-03-952-6-25AK)

Submitted: February 12, 2004          Decided:  February 23, 2004

Before LUTTIG, WILLIAMS, and MOTZ, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Ronald Tate, Appellant Pro Se.  Derrick K. McFarland, OFFICE OF THE
ATTORNEY GENERAL OF SOUTH CAROLINA, Columbia, South Carolina, for
Appellees.

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Ronald Tate seeks to appeal the district court's order accepting the report and recommendation of a magistrate judge and granting summary judgment against his petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 (2000). We dismiss the appeal for lack of jurisdiction because the notice of appeal was not timely filed.

Parties are accorded thirty days after the entry of the district court's final judgment or order to note an appeal, Fed. R. App. P. 4(a)(1)(A), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5) or reopens the appeal period under Fed. R. App. P. 4(a)(6). This appeal period is "mandatory and jurisdictional." Browder v. Director, Dep't of Corr., 434 U.S. 257, 264 (1978) (quoting United States v. Robinson, 361 U.S. 220, 229 (1960)).

The district court's order was entered on the docket on October 22, 2003. The notice of appeal was filed on November 27, 2003.[*] Because Tate failed to file a timely notice of appeal or to obtain an extension or reopening of the appeal period, we dismiss the appeal. We dispense with oral argument because the facts and

_____

[*]For the purpose of this appeal, we assume that the date appearing on the notice of appeal is the earliest date it could have been properly delivered to prison officials for mailing to the court. See Fed. R. App. P. 4(c); Houston v. Lack, 487 U.S. 266 (1988).

legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED
