**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

No. 03-7854

———————

BASIL AKBAR,

                                     Plaintiff - Appellant,

        versus

SOUTH CAROLINA DEPARTMENT OF CORRECTIONS; GARY
MAYNARD; WILLIAM D. CATOE; TONY ELLIS; BEN
MONTGOMERY; CALVIN ANTHONY; ELAINE ROBINSON;
CHARLES YATES; TRACIE BAXLEY; J. DRIGGER; ANN
DOE; JOHN DOE,

                                     Defendants - Appellees.

———————

Appeal from the United States District Court for the District of
South Carolina, at Columbia.  David C. Norton, District Judge.
(CA-01-3309)

———————

Submitted: February 12, 2004        Decided:  February 23, 2004

———————

Before LUTTIG, WILLIAMS, and MOTZ, Circuit Judges.

———————

Dismissed by unpublished per curiam opinion.

———————

Basil Akbar, Appellant Pro Se.  Daniel Roy Settana, Jr., MCKAY,
MCKAY & SETTANA, P.A., Columbia, South Carolina, for Appellees.

———————

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Basil Akbar seeks to appeal the district court's order adopting the magistrate judge's report and granting summary judgment to the Defendants in his 42 U.S.C. § 1983 (2000) action, and the district court's order denying reconsideration. We dismiss the appeal for lack of jurisdiction because the notice of appeal was not timely filed.

Parties are accorded thirty days after the entry of the district court's final judgment or order to note an appeal, Fed. R. App. P. 4(a)(1)(A), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5) or reopens the appeal period under Fed. R. App. P. 4(a)(6). This appeal period is "mandatory and jurisdictional." Browder v. Director, Dep't of Corr., 434 U.S. 257, 264 (1978) (quoting United States v. Robinson, 361 U.S. 220, 229 (1960)).

The district court's order denying reconsideration was entered on the docket on February 24, 2003. The notice of appeal was filed on November 18, 2003.[*] Because Akbar failed to file a timely notice of appeal or to obtain an extension or reopening of the appeal period, we dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately

---

[*]For the purpose of this appeal, we assume that the date appearing on the notice of appeal is the earliest date it could have been properly delivered to prison officials for mailing to the court. See Fed. R. App. P. 4(c); Houston v. Lack, 487 U.S. 266 (1988).

presented in the materials before the court and argument would not aid the decisional process.

DISMISSED