**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 04-6033**

_____

UNITED STATES OF AMERICA,

                                 Plaintiff - Appellee,

     versus

GREGORY DASH,

                                 Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern District of North Carolina, at New Bern.   Malcolm J. Howard, District Judge.  (CR-00-14; CA-02-20-4-H)

_____

Submitted:  March 25, 2004            Decided:  April 1, 2004

_____

Before TRAXLER, KING, and DUNCAN, Circuit Judges.

_____

Dismissed by unpublished per curiam opinion.

_____

Gregory Dash, Appellant Pro Se.  Mary Jude Darrow, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Gregory Dash seeks to appeal the district court's order dismissing his 28 U.S.C. § 2255 (2000) motion. We dismiss the appeal for lack of jurisdiction because the notice of appeal was not timely filed.

When the United States or its officer or agency is a party, the notice of appeal must be filed no more than sixty days after the entry of the district court's final judgment or order, Fed. R. App. P. 4(a)(1)(B), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5) or reopens the appeal period under Fed. R. App. P. 4(a)(6). This appeal period is "mandatory and jurisdictional." Browder v. Director, Dep't of Corr., 434 U.S. 257, 264 (1978) (quoting United States v. Robinson, 361 U.S. 220, 229 (1960)).

The district court's order was entered on the docket on June 14, 2002. The notice of appeal was filed on November 20, 2003.[*] Because Dash failed to file a timely notice of appeal or to obtain an extension or reopening of the appeal period, we deny a certificate of appealability and dismiss the appeal. We dispense with oral argument because the facts and legal contentions are

---

[*]For the purpose of this appeal, we assume that the date appearing on the notice of appeal is the earliest date it could have been properly delivered to prison officials for mailing to the court. See Fed. R. App. P. 4(c); Houston v. Lack, 487 U.S. 266 (1988).

adequately presented in the materials before the court and argument would not aid the decisional process.

<u>DISMISSED</u>
