**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 04-2268**

———————————

AARON ANTHONY EDISON,

                                            Plaintiff - Appellant,

        versus

STATE OF WEST VIRGINIA, Governor Wise; WEST
VIRGINIA DEPARTMENT OF HEALTH AND HUMAN
RESOURCES,

                                   Defendants - Appellees,

        and

WEST VIRGINIA DEPARTMENT OF HEALTH; WEST
VIRGINIA STATE BOARD OF EDUCATION; ALAN D.
MOATS, Judge of the Circuit Court of Taylor
County; LEONARD LUCAS, Magistrate, Court of
Taylor County; TAYLOR COUNTY BOARD OF
EDUCATION,

                                         Defendants.

———————————

Appeal from the United States District Court for the Northern
District of West Virginia, at Clarksburg.  Irene M. Keeley, Chief
District Judge.  (CA-02-175-1)

———————————

Submitted:  February 25, 2005       Decided:  March 24, 2005

———————————

Before NIEMEYER and SHEDD, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

———————————

Affirmed in part; dismissed in part by unpublished per curiam opinion.

———————————

Aaron Anthony Edison, Appellant Pro Se.  William S. Steele, Deputy Attorney General, Charleston, West Virginia; Vanessa Lynn Goddard, STEPTOE & JOHNSON, Clarksburg, West Virginia, Jacquelyn J. Core, STEPTOE & JOHNSON, Morgantown, West Virginia, for Appellees.

———————————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Aaron Anthony Edison appeals the district court's order granting the Department of Health and Human Resources' motion for summary judgment on Edison's 42 U.S.C. § 1983 (2000) action; granting the State of West Virginia and Governor Wise's motion to dismiss; and denying Edison's motions for general relief. We have reviewed the record and find no reversible error.

On appeal, Edison first assigns error to the district court's denial of his "Third Renewal Motion for Case to be Awarded to Plaintiff Due to Defendant's Third Time Failure to Respond to Complaint and Summons in the Thirty Day Time Period Allotted by Law." We have reviewed the record and find no abuse of discretion in the district court's denial of Edison's motion.

Edison next challenges the district court award of summary judgment to the Department of Health and Human Resources. However, because Edison seeks to overturn final state court judgments against him, the district court lacked jurisdiction over his complaint. See District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 486 (1983) (stating that the Rooker-Feldman abstention doctrine establishes that a district court lacks jurisdiction over a litigant's challenge to a state court decision, including challenges alleging the state court's action was unconstitutional). Thus, we affirm the district court's judgment on those grounds.

- 3 -

Edison asks this court to "overturn and/or dismiss this District Court decision to sanction this plaintiff to pay attorney fees in the amount of $960.80." We lack jurisdiction to review this order because Edison never filed a timely notice of appeal as to this order.

Parties are accorded thirty days after the entry of the district court's final judgment or order to note an appeal, Fed. R. App. P. 4(a)(1)(A), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5) or reopens the appeal period under Fed. R. App. P. 4(a)(6). This appeal period is "mandatory and jurisdictional." Browder v. Director, Dep't of Corr., 434 U.S. 257, 264 (1978) (quoting United States v. Robinson, 361 U.S. 220, 229 (1960)). The district court's judgment order was entered on the docket on October 6, 2004. Because Edison failed to file a timely notice of appeal or to obtain an extension or reopening of the appeal period as to this order, we dismiss this portion of the appeal.

Accordingly, we affirm the district court's order granting Defendants' motion for summary judgment and motion to dismiss, and dismiss Edison's appeal from the district court's order awarding the Department of Health and Human Resources reasonable costs and fees. We dispense with oral argument because the facts and legal contentions are adequately presented in the

materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART; DISMISSED IN PART