**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 05-6084**

---

PAUL GRAHAM,

                                        Plaintiff - Appellant,

        versus

JOYCE JENKINS, Baltimore City Police Officer;
FRED WROTEN, Baltimore City Police Officer,

                                        Defendants - Appellees.

---

Appeal from the United States District Court for the District of
Maryland, at Baltimore.  Catherine C. Blake, District Judge.
(CA-02-2570-CCB)

---

Submitted:  May 18, 2005              Decided:  June 6, 2005

---

Before NIEMEYER, MOTZ, and TRAXLER, Circuit Judges.

---

Dismissed by unpublished per curiam opinion.

---

Paul Graham, Appellant Pro Se. William Rowe Phelan, Jr., BALTIMORE
CITY DEPARTMENT OF LAW, Baltimore, Maryland, for Appellees.

---

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Paul Graham seeks to appeal the district court's order granting summary judgment to Defendants. We dismiss the appeal for lack of jurisdiction because the notice of appeal was not timely filed.

Parties are accorded thirty days after the entry of the district court's final judgment or order to note an appeal, Fed. R. App. P. 4(a)(1)(A), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5) or reopens the appeal period under Fed. R. App. P. 4(a)(6). This appeal period is "mandatory and jurisdictional." Browder v. Director, Dep't of Corr., 434 U.S. 257, 264 (1978) (quoting United States v. Robinson, 361 U.S. 220, 229 (1960)).

The district court's judgment was entered on the docket on November 30, 2004. The notice of appeal was filed on January 7, 2005.[1] Because Graham failed to file a timely notice of appeal or to obtain an extension or reopening of the appeal period,[2] we dismiss the appeal. We deny Graham's motions for appointment of

---

[1]For the purpose of this appeal, we assume that the date of the prison stamp on the envelope enclosing the notice of appeal is the earliest date it could have been properly delivered to prison authorities for mailing to the court. See Fed. R. App. P. 4(c).

[2]The district court improperly construed Graham's bare notice of appeal as a motion for extension of time. See Wilder v. Chairman, Cent. Classification Bd., 926 F.2d 367, 371 (4th Cir. 1991). However, because Graham failed to respond to the district court's request for supplemental information supporting an extension of time, this error was harmless.

- 2 -

counsel, to strike the disclosure statement, and for a transfer. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>DISMISSED</u>
