**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 04-6163**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

LORI D. BLAKELY,

Defendant - Appellant.

_____

**No. 05-6110**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

LORI D. BLAKELY,

Defendant - Appellant.

_____

Appeals from the United States District Court for the District of South Carolina, at Charleston. David C. Norton, District Judge. (CR-00-927; CA-02-4185-2-18)

_____

Submitted: May 18, 2005          Decided: August 11, 2005

_____

Before NIEMEYER, TRAXLER, and DUNCAN, Circuit Judges.

Affirmed in part; dismissed in part by unpublished per curiam opinion.

Lori D. Blakely, Appellant Pro Se. Michael Rhett DeHart, Assistant United States Attorney, Charleston, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Lori D. Blakely seeks to appeal the district court's order dismissing her 28 U.S.C. § 2255 (2000) motion (No. 04-6163), and the district court's order denying her motion to reopen the time for appeal under Fed. R. App. P. 4(a)(6) (No. 05-6110). We dismiss appeal No. 04-6163 for lack of jurisdiction because the notice of appeal was not timely filed, and affirm the court's order in appeal No. 05-6110.

When the United States or its officer or agency is a party, the notice of appeal must be filed no more than sixty days after the entry of the district court's final judgment or order, Fed. R. App. P. 4(a)(1)(B), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5) or reopens the appeal period under Fed. R. App. P. 4(a)(6). This appeal period is "mandatory and jurisdictional." Browder v. Director, Dep't of Corr., 434 U.S. 257, 264 (1978) (quoting United States v. Robinson, 361 U.S. 220, 229 (1960)).

The district court's order dismissing Blakely's § 2255 motion was entered on the docket on August 20, 2003. The notice of appeal was filed on January 12, 2004. We previously remanded to the district court with instructions to construe Blakely's motion for an extension of time under Fed. R. App. P. 4(a)(5), filed on December 15, 2003, as a motion to reopen under Fed. R. App. P. 4(a)(6). Because the record revealed that Blakely was notified by

- 3 -

the clerk of court on November 19, 2003, that her § 2255 motion had been dismissed and because she failed to timely file the motion to reopen within seven days thereafter, as required by Fed. R. App. P. 4(a)(6)(A), the district court concluded that Blakely failed to timely invoke the protection of the Rule. Accordingly, the district court denied the motion to reopen the appeal period. Because our review of the uncontested facts confirms these findings, we also find that Blakely failed to timely seek the benefit of Rule 4(a)(6). Thus, because Blakely failed to file a timely notice of appeal or to properly obtain an extension or reopening of the appeal period, we deny a certificate of appealability and dismiss appeal No. 04-6163 as untimely. We deny Blakely's pending motions for "Intervention," to file supplemental briefs, to "Compel the District Court to Respond to the Remand," to place the case in abeyance, and for a writ of mandamus. Because the district court properly denied Blakely's motion to reopen the appeal period, we affirm the order that is the subject of appeal No. 05-6110. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED IN PART</u>;
<u>DISMISSED PART</u>