**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 05-6842**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ANNETTE LITTLE,

Defendant - Appellant.

———————

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Richard L. Voorhees, District Judge. (CR-98-50-13-V; CA-05-91)

———————

Submitted: October 18, 2005      Decided: October 21, 2005

———————

Before WIDENER, MICHAEL, and DUNCAN, Circuit Judges.

———————

Dismissed by unpublished per curiam opinion.

———————

Annette Little, Appellant Pro Se. Douglas Scott Broyles, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Annette Little seeks to appeal the district court's order dismissing her motion to correct an illegal sentence. We dismiss the appeal for lack of jurisdiction because the notice of appeal was not timely filed.

When the United States or its officer or agency is a party, the notice of appeal must be filed no more than sixty days after the entry of the district court's final judgment or order, Fed. R. App. P. 4(a)(1)(B), unless the district court extends the period under Fed. R. App. P. 4(a)(6). This appeal period is "mandatory and jurisdictional." Browder v. Director, Dep't of Corr., 434 U.S. 257, 264 (1978) (quoting United States v. Robinson, 361 U.S. 220, 229 (1960)).

The district court's order was entered on the docket on March 16, 2005. The notice of appeal was filed on May 25, 2005.[*] Because Little failed to file a timely notice of appeal or to obtain an extension or reopening of the appeal period, we deny her motion for a certificate of appealability and dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED

---

[*]Little's notice of appeal was post-marked May 23, 2005, and she did not make a declaration in compliance with 28 U.S.C. § 1746 (2000) or by a notarized statement setting forth the date of any earlier deposit with prison authorities. See Fed. R. App. P. 4(c); Houston v. Lack, 487 U.S. 266 (1988).