**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 05-7869**

─────────────

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

MELVIN G. STEWART,

Defendant - Appellant.

─────────────

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.  Leonie M. Brinkema, District Judge.  (CA-98-168-1; CA-05-581-1)

─────────────

Submitted:  June 28, 2006                Decided:  July 18, 2006

─────────────

Before KING, SHEDD, and DUNCAN, Circuit Judges.

─────────────

Dismissed by unpublished per curiam opinion.

─────────────

Melvin G. Stewart, Appellant Pro Se.  Paul Joseph McNulty, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Melvin G. Stewart seeks to appeal the district court's order dismissing as untimely his 28 U.S.C. § 2255 (2000) motion. We dismiss the appeal for lack of jurisdiction because a notice of appeal was not timely filed.

When the United States or its officer or agency is a party, the notice of appeal must be filed no more than sixty days after the entry of the district court's final judgment or order, Fed. R. App. P. 4(a)(1)(B), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5), or reopens the appeal period under Fed. R. App. P. 4(a)(6). This appeal period is "mandatory and jurisdictional." Browder v. Dir., Dep't of Corr., 434 U.S. 257, 264 (1978) (quoting United States v. Robinson, 361 U.S. 220, 229 (1960)). A prisoner's notice of appeal is deemed filed when submitted to prison officials for mailing in accordance with Houston v. Lack, 487 U.S. 266 (1988). However, the prisoner must comply with Fed. R. App. P. 4(c)(1) and 28 U.S.C. § 1746 (2000) to benefit from this mailbox rule.

The district court's judgment was entered on the docket on July 7, 2005. Stewart filed a letter with the district court on November 21, 2005, inquiring about a notice of appeal filed in his case on July 26, 2005. Stewart informed that the notice of appeal was submitted by someone assisting him with his case. The district court, having received nothing prior to this date in Stewart's case

- 2 -

since entry of judgment, filed the letter as a notice of appeal. To the extent the November letter is construed as a notice of appeal, it is clearly untimely. With respect to Stewart's assertion that a timely notice of appeal was filed in July 2005, we find that remand for further factual findings under Houston v. Lack is not warranted. Stewart failed to comply with Fed. R. App. P. 4(c)(1) and 28 U.S.C. § 1746 and does not allege that he delivered the notice of appeal to prison officials for mailing, but rather states that it was submitted by someone assisting him with his case. Accordingly, we find he is not entitled to the benefit of the mailbox rule under Houston v. Lack.

Because Stewart has failed to file a timely notice of appeal or to obtain an extension or reopening of the appeal period, we dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED