**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 05-1395**

———————

HILDA M. ELEZOVIC,

Plaintiff - Appellant,

versus

GORDON R. ENGLAND, Secretary, Department of
the Navy,

Defendant - Appellee.

———————

Appeal from the United States District Court for the District of
Maryland, at Greenbelt. Peter J. Messitte, District Judge. (CA-
03-3649-PJM)

———————

Submitted: August 30, 2006          Decided: September 15, 2006

———————

Before WILLIAMS, TRAXLER, and DUNCAN, Circuit Judges.

———————

Affirmed in part and dismissed in part by unpublished per curiam
opinion.

———————

Michael J. Snider, Ari Taragin, SNIDER & ASSOCIATES, L.L.C.,
Baltimore, Maryland, for Appellant. Rod J. Rosenstein, United
States Attorney, Kristine L. Sendek-Smith, Assistant United States
Attorney, Baltimore, Maryland, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Hilda M. Elezovic appeals the district court's orders granting summary judgment in favor of her employer and denying her motion filed pursuant to Fed. R. Civ. P. 60(b), in this employment discrimination action. We affirm in part and dismiss in part.

Elezovic alleged that her employer discriminated against her on the basis of her race and national origin and retaliated against her for engaging in protected activities. Elezovic's employer filed a motion for summary judgment, and, after receiving numerous extensions of time to obtain new counsel and file a response, Elezovic did not file a response. The district court granted summary judgment in the employer's favor, finding that some of Elezovic's claims were either unexhausted or untimely filed with the agency. In any event, the district court concluded that Elezovic failed to state a prima facie case of discrimination and that, even if she had, her employer proffered a legitimate, nondiscriminatory reason for its actions. Elezovic then filed a Rule 60(b) motion, asserting that she failed to respond due to the negligence of her attorney, Lisa Lyons Ward. The district court denied Elezovic's Rule 60(b) motion.

On appeal, Elezovic raises two issues: (1) "[w]hether the District Court erred in denying [her] Rule 60B Motion" and (2) "[w]hether the District Court erred in entering summary judgment in favor of Defendant[] on [her] claims of

- 2 -

discrimination." (Appellant's Br. at 2). With regard to the second issue, Elezovic presented no argument in her opening brief challenging the grounds on which the district court relied in granting summary judgment. We find that her failure to develop such argument amounts to an abandonment of those issues on appeal. Fed. R. App. P. 28(a)(9)(A) ("[T]he argument . . . must contain . . . appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies[.]"); Edwards v. City of Goldsboro, 178 F.3d 231, 241 n.6 (4th Cir. 1999) ("Failure to comply with the specific dictates of [Rule 28] with respect to a particular claim triggers abandonment of that claim on appeal."). To the extent Elezovic asserts that the district court erred by not further extending the time for her to respond, we find no abuse of discretion. See Nguyen v. CNA Corp., 44 F.3d 234, 242 (4th Cir. 1995) (stating standard of review). Accordingly, we affirm the district court's order granting summary judgment in favor of Elezovic's employer.

Turning to Elezovic's challenge to the district court's order denying Rule 60(b) relief, we dismiss this portion of the appeal for lack of jurisdiction. When the United States or its officer or agency is a party, the notice of appeal must be filed no more than sixty days after the entry of the district court's final judgment or order, Fed. R. App. P. 4(a)(1)(B), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5), or

- 3 -

reopens the appeal period under Fed. R. App. P. 4(a)(6). This appeal period is "mandatory and jurisdictional." <u>Browder v. Dir., Dep't of Corr.</u>, 434 U.S. 257, 264 (1978) (quoting <u>United States v. Robinson</u>, 361 U.S. 220, 229 (1960)).

The district court's order denying Rule 60(b) relief was entered on the docket on January 12, 2006. Elezovic, however, did not file a notice of appeal from that order, nor did she amend her previously filed notice of appeal. Because Elezovic failed to file a timely notice of appeal or to obtain an extension or reopening of the appeal period, we dismiss this portion of the appeal.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED IN PART AND DISMISSED IN PART</u>