**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 07-7607**

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

GREGORY HINTON,

Defendant – Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Gerald Bruce Lee, District Judge. (1:00-cr-0180-GBL)

Submitted: February 2, 2009          Decided: February 20, 2009

Before MOTZ, SHEDD, and DUNCAN, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Gregory Hinton, Appellant Pro Se. Dabney P. Langhorne, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Gregory Hinton seeks to appeal several orders entered by the district court. He first seeks to appeal the district court's order granting his motion to reopen the time period for filing an appeal of the denial of his second Fed. R. Civ. P. 60(b) motion for reconsideration of the court's order denying relief on his 28 U.S.C.A. § 2255 (West 2000 & Supp. 2008) motion. We dismiss the appeal for lack of jurisdiction because the notice of appeal was not timely filed.

When the United States or its officer or agency is a party, the notice of appeal must be filed no more than sixty days after the entry of the district court's final judgment or order, Fed. R. App. P. 4(a)(1)(B), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5), or reopens the appeal period under Fed. R. App. P. 4(a)(6). This appeal period is "mandatory and jurisdictional." Browder v. Dir., Dep't of Corr., 434 U.S. 257, 264 (1978) (quoting United States v. Robinson, 361 U.S. 220, 229 (1960)).

The district court's order denying Hinton's second Rule 60(b) motion was entered on the docket on September 19, 2006. The court reopened the appeal period for fourteen days in an order entered on May 4, 2007. Hinton's notice of appeal was not filed until October 2, 2007. Because Hinton failed to properly file a timely notice of appeal after he obtained a

2

reopening of the appeal period, we deny leave to proceed in forma pauperis and dismiss his appeal of the underlying September 19, 2006 order and subsequent May 4, 2007 order.

Hinton also seeks to appeal the district court's order entered August 23, 2007, denying his third Fed. R. Civ. P. 60(b) motion for reconsideration of the order denying relief on his § 2255 motion. The order is not appealable unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1) (2006); Reid v. Angelone, 369 F.3d 363, 369 (4th Cir. 2004). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2006). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001). We have independently reviewed the record and conclude that Hinton has not made the requisite showing. Accordingly, as to the appeal of the district court's order entered August 23, 2007, we deny a certificate of appealability and dismiss the appeal.

3

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>DISMISSED</u>